SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
KELLY M. BUTLER (SBN 342394)
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE CLAIM**<br><br>Date: May 5, 2025<br>Time: 1:30 p.m.<br><br>Judge: John F. Walter<br>Mag. Judge: Alka Sagar<br>Crtrm.: 7A<br>Trial Date: Not Set |

## REQUEST FOR JUDICIAL NOTICE

As provided for by Federal Rule of Civil Procedure 10 and Federal Rules of Evidence 201 and 401, Defendant The Regents of the University of California ("The Regents") respectfully request that the Court take judicial notice of the following information in support of their motion to dismiss Plaintiff Edward "Coach" Weinhaus's ("Weinhaus") complaint.

1. **University of California, Los Angeles ("UCLA") Ad Hoc Review Committee Report, dated October 7, 2022.** (Exhibit A.)

2. **Letter from UCLA Faculty Chairman, dated December 15, 2022.** (Exhibit B.)

3. **Letter from UCLA Dean of Anderson School of Management, dated February 16, 2023.** (Exhibit C.)

4. **Right to Sue Notice from the Equal Employment Opportunity Commission, dated August 15, 2024.** (Exhibit D.)

## POINTS AND AUTHORITIES

When deciding a Rule 12 motion, "courts consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (*Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).)  In particular, courts may take judicial notice of facts "not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." (Fed. R. Evid. 201(b)(2).) "The Court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* 201(c)(2).

**A.  The Ad Hoc Committee Review Report Is An Official Record of a State Agency (Exhibit A)**

The Regents offers the University of California, Los Angeles' ("UCLA") Ad

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE CLAIM

Hoc Review Committee report for the Court to consider with its motion to dismiss. This report consists of the Committee's evaluation of Weinhaus for his initial appointment to Continuing Lecturer, and is a proper subject of judicial notice because it is a record of an administrative body. .

The court may take judicial notice of the "records and reports of administrative bodies." *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Thomas v. Regents of Univ. of Cal.*, 2020 WL 3892860, at *5 (N.D. Cal. July 10, 2020.) Here, the University of California, Los Angeles ("UCLA") is one of the University of California campuses, a public university system of the state. Campuses & locations (https://www.universityofcalifornia.edu/campuses-locations) (last accessed March 17, 2025); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (California state universities are "dependent instrumentalities of the state."); *Ishimatsu v. Regents of the Univ. of Cal.*, 266 Cal.App.2d 854, 864 (Cal. Ct. App. 1968) (holding that a public state "[u]niversity is a statewide administrative agency"). As such, the UCLA's Ad Hoc Review Committee report regarding its evaluation of Weinhaus in his initial appointment to Continuing Lecturer is a proper subject of judicial notice because it is an official report of an administrative body.

Alternatively, the Court may also consider documents not attached to a pleading but incorporated by referenced into a plaintiff's complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *e.g.*, *Tellabs, Inc v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). This is because, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* at 980. "Therefore, on a motion to dismiss, "the defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v.*

*Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Weinhaus references the Ad Hoc Review Committee report extensively throughout his Complaint. (*See* Compl., ¶¶ 23, 24, 25, 26, 27,…*passim*.) He bases his discrimination claims (first through fourth claims) on this report. (*See* Compl., ¶¶ 179(f)-(h), 185, 192, 197.) As such, the Ad Hoc Review Committee report may be considered in determining this motion to dismiss because it is also incorporated by reference into Weinhaus' Complaint.

### B.    December 15, 2022 Letter from UCLA Faculty Chairman (Exhibit B)

The December 15, 2022 letter from UCLA Faculty Chairman Sanjay Sood is also a proper subject for judicial notice. The letter consists of UCLA's official decision regarding Weinhaus' appointment to Initial Continuing Lecturer, and it is thus a record and report of an administrative body. *See Mack*, 798 F.2d at 1282, *Ishimatsu*, 266 Cal.App.2d at 864. As such, the December 15, 2022 letter is a proper subject of judicial notice

Alternatively, the letter is also incorporated by reference. Weinhaus references this letter extensively throughout his Complaint, and also bases his discrimination claims on the letter. (*See* Compl., ¶¶ 116, 128, 129, 130(a)-(j); 179(e), 185, 192, 197.) Accordingly, the December 15, 2022 letter may be considered in determining this motion because it is incorporated by reference into the Complaint.

### C.    February 16, 2023 Letter from Dean of UCLA Anderson School of Management (Exhibit C)

Similarly, The Regents also offer a February 16, 2023 letter from the Dean of the UCLA Anderson School of Management for the Court to consider with its motion to dismiss. This letter is the proper subject of judicial notice because, like the December 15, 2022 letter, it is both a record of an administrative body and is referenced extensively throughout Weinhaus' Complaint.

Specifically, the February 16, 2023 letter is Weinhaus' the Dean of the UCLA Anderson School of Management's decision regarding Weinhaus' appointment to Initial Continuing Lecturer, and specifically opining on the Ad Hoc Review Committee report (Exhibit A) and the December 15, 2022 letter (Exhibit B). As such, it is an appropriate subject for judicial notice.

Alternatively, Weinhaus references this letter repeatedly throughout his Complaint and bases his discrimination claims in part on this letter. (Compl., ¶¶ 145-152; 179(e), 185, 192, 197.) Thus, it may be considered in resolving this motion because it is incorporated by reference into the Complaint.

### D.  The August 15, 2024 EEOC Right to Sue Notice is a Proper Subject of Judicial Notice (Exhibit D)

The court may take judicial notice of the "records and reports of administrative bodies." *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986); *Thomas v. Regents of Univ. of Cal.*, 2020 WL 3892860, at *5 (N.D. Cal. July 10, 2020.) As such, courts "routinely take judicial notice of…right-to-sue letters when deciding motions to dismiss." *Aquino v. Leprino Foods Co.*, 2025 U.S. Dist. LEXIS 45063, at *6-7 (E.D. Cal. Mar. 12, 2025) (citing *Akbikar v. Bristol Bay Native Corp.*, 300 F.Supp.3d 1092, 1099 n.1 (S.D. Cal. 2018) (taking judicial notice of state right-to-sue letter in considering motion to dismiss), *Ayala v. Frito Lay, Inc.*, 263 F.Supp.3d 891, 901-902 (E.D. Cal. 2017) (same)); *see also Saad Badrh v. Amazon.com Servs. LLC*, 2023 U.S. Dist. LEXIS 151337, at *8, 2023 WL 5532098, at *3 (C.D. Cal. Aug. 28, 2023) (judicially noticing right-to-sue letter from EEOC).

Therefore, the August 15, 2024 right-to-sue notice from the EEOC is a proper subject of judicial notice. The Court can and should consider this notice when considering The Regents' motion to dismiss.

| | | |
|---|---|---|
| 1 | Dated: March 17, 2025 | QUARLES & BRADY LLP |

By: */s Kelly M. Butler*
SANDRA L. McDONOUGH
MATTHEW W. BURRIS
KELLY M. BUTLER
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA