# EXHIBIT 1

SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

EDWARD "COACH" WEINHAUS, ESQ.
102 Ladue Aire Dr.
Creve Coeur, MO. 63141
Telephone: 314-580-9580
E-mail: eaweinhaus@gmail.com

Plaintiff in Pro Per

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**JOINT MOTION TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO PLAINTIFF'S COMPLAINT AND THE PARTIES' DEADLINE TO ENGAGE IN A RULE 26(f) CONFERENCE**<br><br>Judge:      John F. Walter<br>Mag. Judge: Alka Sagar<br>Crtrm.:     7A<br>Trial Date: Not Set |

Defendant The Regents of the University of California ("Defendant" or "The Regents") and Plaintiff Edward "Coach" Weinhaus ("Plaintiff") (collectively, the "Parties"), hereby submit this Joint Motion for an order to extend the deadline for Defendant to file its responsive pleading to Plaintiff's Complaint in this matter, and for an order to extend the deadline for the Parties to engage in a Rule 26(f) conference.

---

1. Plaintiff filed his Complaint on January 10, 2025. The Regents agreed to waive service pursuant to Plaintiff's request dated January 14, 2025. *See* ECF No. 3.

2. On March 6, 2025, the Parties met and conferred regarding Defendant's intent to file a motion to dismiss Plaintiff's Complaint. The Parties were unable to reach agreement, and Defendant filed its Motion to Dismiss on its responsive pleading deadline, March 17, 2025. ECF No. 12.

3. On March 18, 2025, this Court struck Defendant's Motion to Dismiss for failure to timely file a Joint Statement of a Local Rule 7-3 Conference, and ordered the Parties to engage in a second Local Rule 7-3 Conference. The Court also ordered the Parties to each file a declaration regarding this second Local Rule 7-3 Conference two days after participating in the conference, and noted that Defendant's Motion to Dismiss could not be re-filed until at least five days after these declarations were filed. ECF No. 16.

4. On March 19, 2025, counsel for Defendant emailed Plaintiff offering multiple dates of availability for an additional Rule 7-3 conference. Plaintiff indicated he was not available, and would not be available until the week of April 1, 2025. Plaintiff also indicated he did not intend to seek default during his unavailability, but reserved the right to do so.

5. Given this Court's order striking Defendant's Motion to Dismiss, and given Plaintiff's unavailability to discuss the Motion to Dismiss or conduct a Rule 26(f) conference until the week of April 1, 2025, good cause exists, and the Parties hereby stipulate, to extend Defendant's deadline to respond to Plaintiff's Complaint to April 11, 2025. Good cause further exists, and the Parties further stipulate, to extend the Parties' deadline to engage in a Rule 26(f) conference until May 20, 2025, to the extent that deadline remains applicable following Defendant's responsive pleading.

6. The Parties have not submitted any prior requests for an extension of any deadlines in this matter.

7. The Parties agree that this modest extension of the responsive pleading filing deadlines would not prejudice any party.

****

Based on the foregoing, the parties respectfully ask this Court to extend Defendant's responsive pleading deadline to April 11, 2025, and to extend the deadline for the Parties to engage in a Rule 26(f) conference to May 20, 2025, to the extent the Rule 26(f) conference deadline remains applicable following Defendant's responsive pleading.

Dated: March ___, 2025          QUARLES & BRADY LLP

By: _____
SANDRA L. McDONOUGH
MATTHEW W. BURRIS
KELLY M. BUTLER
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Dated: March ___, 2025          Plaintiff in Pro Per

By: _____
EDWARD "COACH" WEINHAUS, ESQ
Plaintiff