EDWARD "COACH" WEINHAUS, ESQ.
LegalSolved LLC
CA BAR #330344, Licensed before C.D.Cal.
11500 Olive Blvd. Suite 133
Creve Coeur, MO. 63141
Telephone: 314-580-9580
E-mail: eaweinhaus@gmail.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>    Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO EXTEND DEADLINES**<br><br>Judge:        John F. Walter<br>Mag. Judge:   Alka Sagar<br>Crtrm.:       7A<br>Trial Date:   Not Set |

Plaintiff agreed to Defendants' suggestion of a Joint Motion to extend the Rule 26 conference (Weinhaus Decl. ¶ 12), and Plaintiff's version of that motion – tendered last week is attached as Exhibit 1 to Plaintiff's Declaration.

Defendant The Regents of the University of California ("Defendant" or "The Regents") unnecessarily and in violation of both the Court's Local Rules and the Court's standing orders filed an unnecessary-but-for-being prejudicial Ex Parte Application to extend two deadlines rather than the one deadline the parties had agreed. In so doing, Defendants are attempting to have the court "adjudicate" whether its past untimely filing is already "absolved" by the Court, even though the Court was never aware of it other than *presumption-via-footnote*. (See ECF #17 fn. 1.) That is, until this filing, the Court has never been directly notified that the Defendants' original Motion to Dismiss was filed out of time. The Defendants'

footnote assumes the Court extended and waived Defendants' missed deadline without ever knowing it was a missed deadline. Thus, this entire exercise is an attempt to gain that redress, rather than handling in conference as Plaintiff has requested thrice. Weinhaus Decl. ¶¶ 7-9, 16.  Defendants admit Plaintiff will "not seek default" about which they had been earlier warned (ECF #17 pg. 2, Weinhaus Decl. ¶¶ 2, 10) until the parties' scheduled conference on April 1, 2025. Defendants pursue unknowing redress, without stating need, much less cause, and skirt the Court's rules (again).[1]

## DEFENDANTS VIOLATE THE COURT'S STANDING ORDER RELATED TO SEEKING TO EXTEND A DEADLINE WHILE NOT SEEKING DEFAULT

The Court's standing order (ECF #9) states in relevant parts:

> "6. Ex Parte Applications:
>
> Ex parte applications are solely for extraordinary relief. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)"

(ECF #9 pg. 13).

On its face, there is nothing "extraordinary" about Defendants' ex parte application at all. As Defendants note, Plaintiff agrees *not* to pursue default until the parties' meet and confer on April 1, 2025. (ECF #17 pg. 2). Here, Defendants' purpose was improper. The only thing that makes it extraordinary is the very same missed deadline they won't disclose. They are seeking the Court to extend their <u>missed deadline</u> by hand-waiving in a footnote. (ECF #9, Rule 3(b)). Plaintiff informed Defendants that they were required to inform the Court of having stating with clarity that they missed the deadline prior to requesting an "extension"

---

[1] Plaintiff stated to Defendant's counsel that candor required disclosing the missed deadline with clarity. Weinhaus. Decl. ¶¶ 16-17.

(Weinhaus Decl. ¶¶ 16-17) – but, nonetheless, that issue should be handled at the conference, pursuant to the rule. Instead, here we are.

Defendants, after being informed no fewer than three times that it had missed its deadline (*Id.*), including Plaintiff's prior attempts to conference (Weinhaus Decl. ¶¶ 4-5, 8-9) which Defendants don't disclose, has still not stated clearly in the body of any filing or declaration that it missed its filing deadline with the Court.

Thus, for a similar reason (*undisclosed* advantage), the Defendants have disregarded the Court's view of Local Rule 7.3. "Counsel should, at the very least, resolve minor procedural or other non-substantive matters during the conference." (ECF #9 Rule 5(b) pg. 9). That's precisely what Plaintiff stated by first (and still) offering not to pursue default until the April 1 conference. This is precisely the type of issue to be discussed at a conference and disclosed with candor to a court - certainly this Court. Here, Defendants chose neither and for no good reason – Plaintiff was upfront and genial about not pursuing default after Defendants' ignored Plaintiff's request for a conference on March 17. (Weinhaus Decl. ¶¶ 4-5, 8-9).

Finally, the Court's standing order requires a full accounting of "good cause" when requesting a deadline extension. (ECF #9 Rule 7, pgs. 13-14). Defendants have failed to take accountability that they missed the actual motion to dismiss filing deadline. Instead, they put that onus on the Court. Defendants contend, unbeknownst to the Court – *ahem* – that the Court just waived a deadline it never was informed had past. See ECF 17 fn. 1. In fact, that's the purpose of Defendants' entire exercise.

Clearly, Plaintiff intended to handle this issue and discuss the "good cause" with Defendants on having a missed deadline at the conference. That's what the Court requires. Plaintiff reached out to do so immediately. Weinhaus Decl. ¶ 4.[2]

---

[2] Plaintiff also called Defendants twice since Defendants would not respond to

That won't be found anywhere in Defendants' papers, who paint Plaintiffs as unavailable. The parties ultimately agreed on an April 1st conference.

Rather than discuss it with Plaintiff at that conference, Defendant has now *rushed* to court on an ex parte basis while Plaintiff agreed *not* to pursue default. By Defendants' summation, while Plaintiff is away, the Court should bless an extension without having been given full candor, without giving any cause (much less good cause), and robbing the parties an opportunity to resolve it at conference, pursuant to local rules.

## CONCLUSION

Plaintiff and Defendant agree on the Rule 26 conference extension pursuant to Plaintiff's attached Joint Motion. Exhibit 1 to Plaintiff's Declaration. The parties are conferencing on April 1, 2025 before which Plaintiff is not seeking default for Defendants' late filing to discuss procedural matters pursuant to the rules. The extension of time to file a responsive motion should not be granted prior to that conference and should in no way grant a waiver to Defendants' missed deadline since no good cause was offered for that deadline (nor even disclosed).

Dated: March 26, 2025        Plaintiff in Pro Per

By:      /s/Edward "Coach" Weinhaus/s/
EDWARD "COACH" WEINHAUS, ESQ
Plaintiff
CA BAR# 330344

---

Plaintiff's emails. Weinhaus Decl. ¶ 8.