SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
KELLY M. BUTLER (SBN 342394)
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

EDWARD "COACH" WEINHAUS, ESQ
eaweinhaus@gmail.com
11500 Olive Blvd. Suite 133
Creve Couer, MO. 63141
Telephone: 314-580-9580

Plaintiff in *PRO PER*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>    Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>    Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**JOINT STIPULATION REGARDING LOCAL RULE 7-3 CONFERENCE**<br><br>Judge:         John F. Walter<br>Mag. Judge:    Alka Sagar<br>Crtrm.:        7A<br>Trial Date:    Not Set |

Plaintiff Edward "Coach" Weinhaus ("Plaintiff") and Defendant The Regents of the University of California ("Defendant") (collectively, the "Parties") hereby submit this Joint Stipulation regarding the Parties' participation in the Local Rule 7-3 Conference in advance of Defendant's anticipated Motion to Dismiss Plaintiff's Complaint and Request for Judicial Notice in Support thereof:

1.         Counsel for Defendant reside and work in San Diego, California, which is located in the Southern District of California.  Plaintiff is currently located in the United Kingdom, but otherwise works and resides in Missouri.

2.         Pursuant to Local Rule 7-3, this Court's Standing Order, and this Court's March 18, 2025 Order, the Parties met and conferred via videoconference on April 1, 2025 regarding Defendant's intended Motion to Dismiss Plaintiff's Complaint and Request for Judicial Notice in Support thereof ("Request").  This videoconference lasted approximately 45 minutes.  The Parties discussed their respective positions as to the arguments contained in the Motion to Dismiss and Request, of which Plaintiff had received the full briefing in advance.

3.         During this videoconference, the Parties did not come to agreement on the following topics:

a.         <u>Request for Judicial Notice Documents Exhibits A, B, C.</u> Plaintiff's position is that these documents, as used, are irrelevant and prejudicial when they are relied on for the truth of the matter therein and not their mere existence.  Rather than cherry-picking documents to avoid the strictures of a 12(b)(6) motion, Plaintiff stated in the interest of compromise to not object should Defendant choose to request judicial notice for the full employee review file.

b.         <u>First and Second Claims for Discrimination in Violation of Title VII.</u> Defendant's position, as set forth in its Motion to Dismiss, is that Plaintiff's claims are untimely because he did not file his civil complaint within 90 days of receiving his first right-to-sue letter from the Equal Employment Opportunity Commission. Plaintiff informed Defendant of his position that their citation had no application to matters in the Complaint because it only applied when the Right to Sue letter had no right to be issued. Plaintiff also informed Defendant of his position that the civil complaint was timely because it was filed within 90 days of receiving his second right-to-sue notice, and provided legal citation in support.

c.         <u>First through Fourth Claims for Discrimination in Violation of</u>

<u>Title VII and the FEHA.</u>  Defendant's position, as set forth in its Motion to Dismiss, is that Plaintiff's discrimination claims were not adequately pled because Plaintiff also alleged equally plausible, nondiscriminatory and legitimate reasons for his termination in both his complaint and in the documents incorporated by reference. Plaintiff informed Defendant of his position that his claims were properly pled because the bases for the "reasons" were addressed as illegitimate in the Complaint or were as a result of the Defendant's attempt to rely on the truth of the matters asserted within the documents via its Request for Judicial Notice. Additionally, Plaintiff noted his belief that the direct reliance on the truth of matters asserted within those documents required converting the Motion to Dismiss into a motion for summary judgment. Defendant did not agree with this position and provided authority that matters incorporated by reference or judicially noticed may be considered on a Rule 12 motion. Plaintiff asserted that Defendant was confusing the existence of the documents and irrefutable conclusions contained therein (such as a deed) versus rebuttable factual assertions that contradict factual matters in a complaint, creating a factual issue. Plaintiff offered to move forward without objection to reliance on what he considered new facts in the Motion based on Exhibits A-C in the Request if the Defendant stipulated to a Summary Judgment proceeding. Defendant did not agree.

      4.     The Parties reached agreement as to Plaintiff's fifth through eighth claims.  After discussion of the Parties' respective positions, Plaintiff agreed to replead the fifth through eighth causes of action.

      5.     Plaintiff will file a First Amended Complaint 28 days from the date of this filing.

      IT IS SO STIPULATED.


Dated: April 3, 2025         QUARLES & BRADY LLP

By:     */s/ Matthew W. Burris*
SANDRA L. McDONOUGH
MATTHEW W. BURRIS
KELLY M. BUTLER
Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

Dated: April 3, 2025

By:     */s/ Edward "Coach" Weinhaus*
EDWARD "COACH" WEINHAUS
Plaintiff in PRO PER