SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
KELLY M. BUTLER (SBN 342394)
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

EDWARD "COACH" WEINHAUS, ESQ.
eaweinhaus@gmail.com
11500 Olive Blvd Suite 133
Creve Coeur, MO, 63141
Telephone: 314-580-9580

Plaintiff in *Pro Per*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE**<br><br>Judge:　　　John F. Walter<br>Mag. Judge:　Alka Sagar<br>Crtrm.:　　　7A<br>Trial Date:　Not Set |

　　　　Plaintiff Edward "Coach" Weinhaus ("Plaintiff") and Defendant The Regents of the University of California ("Defendant") (collectively, the "Parties") hereby submit this Joint Statement of Conference regarding Defendant's Motion to Dismiss in compliance with Local Rule 7-3 and Paragraph 5(b) of this Court's Standing Order:

　　　　1.　　Counsel for the Parties initially met and conferred regarding

1. Defendant's intent to move to dismiss Plaintiff's initial Complaint on March 6, 2025. After meeting and conferring, Plaintiff agreed to file an amended Complaint, which he did on May 1, 2025.

2. Counsel for the Parties met and conferred regarding Defendant's intent to move to dismiss Plaintiff's Amended Complaint on May 9, 2025. Counsel for Defendant is located in the Southern District of California, and Plaintiff is based out of Missouri (at the time of this conference, Plaintiff was in England). Accordingly, the Parties met and conferred via teleconference, which lasted approximately an hour.

3. On May 6, counsel for Defendant provided a written outline of the arguments Defendant anticipated making via the Motion to Dismiss, as well as the legal authorities in support. (**Exhibit A** to this Joint Statement.) Defendant's written outline stated "Our arguments are largely similar to our original motion." Defendant has already provided Plaintiff with a copy of what would have been Defendant's initial motion to dismiss. The same day, Plaintiff responded and indicated his points of disagreement. (*Id.*)

4. During the May 9 teleconference, the Parties discussed the following positions:

    a. **Discrimination Claims (First Through Fourth Causes of Action)**

        i. Defendant's Position: Plaintiff's First and Second causes of action for Discrimination in Violation of Title VII were not timely filed, as Plaintiff failed to file a civil complaint within 90 days of receiving his first right-to-sue notice from the Equal Employment Opportunity Commission, as required. *See* 42 U.S.C.A. § 2000e-5(f)(1); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1030 (9th Cir. 1975) (overruled on other grounds by *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170 (9th Cir. 1986) (90-day limitations period begins to run after issuance of the first EEOC letter).)

Defendant understands Plaintiff's position to be that *Sperling v. Werner Enterprises*, 2011 U.S. Dist. LEXIS 116705, 2011 WL 470946 (D. Ariz. Oct. 7, 2011), an unpublished case from the District of Arizona analyzing the timeliness of multiple EEOC charges but not multiple right to sue notices, should control the outcome of this issue.

    ii. <u>Plaintiff's position:</u> Plaintiff informed Defendant there are multiple cases for the proposition that multiple letters that are valid do not tie the Plaintiff to the date of the first one sent. Plaintiff also pointed out that the *Cleveland* case they cited was not applicable due to the circumstances particular to it, particularly that the second letter had no valid basis. Defendants do not make that claim here.

    iii. <u>Defendant's Position:</u>  Plaintiff did not allege facts sufficient to support his First through Fourth causes of action for Discrimination in Violation of Title VII and the California Fair Employment and Housing Act ("FEHA") as required by *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the documents Plaintiff incorporates by reference make no reference to the allegedly discriminatory comments and do not give rise to a plausible claim of discrimination.  Second, Plaintiff's allegations of discrimination are directly contradicted by other allegations in his Complaint which provide a non-discriminatory and plausible basis for Defendant's employment actions.

Defendant understands Plaintiff's position to be that the discrimination allegations are plausibly alleged and that he will object to Defendant introducing the actual performance evaluations incorporated by reference throughout his amended complaint as inappropriate on a Rule 12 motion and that he would seek conversion to a motion for summary judgment.  Defendant provided Plaintiff with citation to *U.S. v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) for the established premise that a court may consider documents incorporated by reference without converting the

motion to dismiss into a motion for summary judgment.

     iv. <u>Plaintiff's Position:</u>

      (1) The First Amended Complaints adequately state a basis for discrimination, including the direct reliance on discriminating statements. Defendants' position that "there are other reasons" does not reflect the law – those reasons must be lawful and not wrongful. The First Amended Complaint goes to some significant length to show that the 'other reasons are wrongful' and thus not a reasonable alternative.

      (2) Nobody disputes extra documents exist. However the "evaluations" are approximately 400 pages – Defendants are intentionally cherry-picking. The First Amended Complaint references them specifically as part of the whole. As to Defendants' decision to include only *part* of the document, Defendants are doing so particularly to introduce factual inferences outside the Complaint. Plaintiff offers several alternatives. A) Defendants can include the entire document referenced which they refuse to do or B) The Court can convert their *partial* document inclusion as an attempt to turn the case into a Summary Judgment disposition. In the event Defendants rely on the 'truth' in the document, their motion to dismiss must be converted to a Summary Judgment document. Plaintiffs will move for same.

   b. **<u>Contract and Common Law Tort Claims (Fifth Through Ninth Causes of Action)</u>**

     i. <u>Defendant's Position:</u> Plaintiff's Fifth through Ninth Causes of Action fail because they are based on two allegedly unwritten contracts. First, Plaintiff's employment was governed by statute, not contract. *Miller v. State of Cal.*, 18 Cal.3d 808, 813-814 (Cal. 1977). Second, oral contracts with public entities, such as The Regents, are unenforceable. *Orthopedic Specialists of S. Cal. v. Public Employees' Retirement Sys.*, 228 Cal.App.4th 644, 650-51 (Cal. Ct. App. 2014). Third, Plaintiff does not allege facts sufficient to establish that the

employees who allegedly entered into the unwritten contracts with Plaintiff were authorized to do so on behalf of Defendant. *White v. Davis*, 30 Cal.4th 528, 549 (Cal. 2003).

Defendant understands Plaintiff's position to be that The Regents is authorized to enter into contracts with service providers, and it entered into a contract with him for his services as well through agents with apparent authority. Further, that Government Code § 815.2 allows him to sue The Regents for any act wrongful taken by any UCLA employee.

Plaintiff's Position: The Regents are authorized to enter into contracts by California law to which there is no dispute. There is no statement that the contract is oral, but rather an express contract with authority. Flawed express contracts can be perfected against the Regents.

   ii. Defendant's Position:  Plaintiff's Seventh, Eighth, and Ninth Causes of Action fail because Defendant is immune from common law claims as a matter of law.  Cal. Govt. Code §§ 815(a), 818.8; *In re Groundwater Cases*, 154 Cal.App.4th 659, 688 (Cal. Ct. App. 2007).

With respect to the Seventh Cause of Action, Defendant understands Plaintiff will take the position that there is a public interest exception to The Regents immunity from suit in misrepresentation actions.  As he explained it, only a small part of his contract claims relate to his employment.  Primarily, his contract argument is that UCLA enticed him to provide social services but did not "pay" him for those services with the opportunity to teach more.  Defendant requested Plaintiff provide authorities for this position.

   iii. Plaintiff's Response: Eg. 201 Cal. App. 3d 859. Defendant does not represent the allegations in the Complaint correctly, but the exception is what is at issue.

   iv. Defendant's Position: Plaintiff's Eighth Cause of Action additionally fails because California does not recognize equitable estoppel as a

standalone cause of action. Defendant provided Plaintiff with citations to *Moncada v. West Coast Quartz Corp.*, 221 Cal. App. 4th 768, 782 (Cal. Ct. App. 2013) (citing *Behnke v. St. Farm Gen. Ins. Co.*, 196 Cal.App.4th 1443)) for this premise.

Defendant understands Plaintiff's position to be that caselaw contradicting this premise has been published since 2013. Defendant requested Plaintiff provide any citations of which he was aware.

        v.    Plaintiff's Response: The California Supreme Court understands estoppel as an equitable remedy in the alternative, which is plead in the Complaint. E.g. 2 Cal 5th 648. Defendants did not produce caselaw to advance their "standalone" claim until a few hours before the deadline for Plaintiff to determine if it is functionally applicable to the FAC. Plaintiff will continue to research the matter.

        vi.    <u>Defendant's Position:</u> Plaintiff's Ninth Cause of Action additionally fails because public entities are immune from claims based on quasi-contract theories, such as unjust enrichment. *Katsura v. City of San Buenaventura*, 155 Cal.App.4th 104, 109-10 (Cal. Ct. App. 2007); *Doe v. Regents of the Univ. of Cal.*, 672 F.Supp.3d 813, 822 (N.D. Cal. 2023) (a "plaintiff cannot sustain a claim against UC Regents for unjust enrichment" as a matter of law).

        vii.    <u>Plaintiff's Response:</u> Federal caselaw does not control California equitable redress or restitution claims. *Katsura* does not address a similar contract claim as here.

5.    The Parties were unable to resolve their differences as the First through Ninth Causes of Action, for the reasons set forth by Plaintiff and Defendant.

6.    The Parties were able to agree on a request that the Court stay the Rule 26(f) conference pending resolution of Defendant's Motion to Dismiss. Defendant agreed to draft a joint stipulation to this effect.

Dated: May 12, 2025                     QUARLES & BRADY LLP


                                        By:  ___*/s/ Matthew W. Burris*___
                                            SANDRA L. McDONOUGH
                                            MATTHEW W. BURRIS
                                            KELLY M. BUTLER
                                            Attorneys for THE REGENTS OF THE
                                            UNIVERSITY OF CALIFORNIA

Dated: May 12, 2025


                                        By:  ___*/s/ Edward "Coach" Weinhaus*___
                                            EDWARD "COACH" WEINHAUS
                                            Plaintiff in *Pro Per*