SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
KELLY M. BUTLER
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>       Plaintiff,<br><br>    v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>       Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Judge:      John F. Walter<br>Mag. Judge:  Alka Sagar<br>Crtrm.:     7A<br>Trial Date:  Not Set |

1

**TABLE OF CONTENTS**

2   I.    INTRODUCTION ........................................................................... 1

3   II.   FIFTH CAUSE OF ACTION: WEINHAUS' BREACH OF
          CONTRACT CLAIMS FAIL AS A MATTER OF LAW ............................ 1

4         A.   Weinhaus Identifies No Valid Contracts ................................ 1

5         B.   Weinhaus' Implied-in-Fact Contract Argument Also Fails.................... 2

6         C.   No Matter How Well Pleaded, Weinhaus Cannot Enforce an
               Unauthorized Contract Against The Regents As a Matter of Law ........ 3

7
8   III.  WEINHAUS' COMMON LAW CLAIMS FAIL AS A MATTER OF
          LAW ........................................................................................... 4

9         A.   Sixth Cause of Action: Weinhaus' Fraudulent Inducement Claim
10             Fails ........................................................................................ 4

11        B.   Seventh Cause of Action: Weinhaus' Misrepresentation Claim
               Cannot Survive Misrepresentation Immunity ........................ 6

12
13        C.   Eighth Cause of Action: Weinhaus Offers No Support For His
               Equitable Estoppel Claim.................................................... 7

14        D.   Ninth Cause of Action: Weinhaus Has Not Shown An Exception
               to The Regents' Immunity From Unjust Enrichment Claims................ 8

15
16  IV.   FIRST THROUGH FOURTH CAUSES OF ACTION: WEINHAUS
          FAILS TO PLEAD A DISCRIMINATION CLAIM ....................................... 9

17        A.   Weinhaus Admits a More Plausible Reason Exists For His
               Termination ........................................................................ 9

18
19        B.   The Court Should Consider The Documents Weinhaus
               Incorporated by Reference Into The FAC .............................. 10

20  V.    WEINHAUS DOES NOT DISPUTE THAT HE IS NOT ENTITLED
          TO RECOVER PUNITIVE DAMAGES........................................... 12

21  VI.   CONCLUSION ......................................................................... 12

22

23

24

25

26

27

28

i

1

# TABLE OF AUTHORITIES

2

3

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)......................................................................................9

*Bedell v. United Specialty Ins. Co.*
2015 WL 12672095 (C.D. Cal. Mar. 30, 2015).......................................10

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)....................................................................................10

*City of Newport v. Fact Conerts, Inc.*
453 U.S. 247 (1981)....................................................................................12

*Corona Service Park v. Moss*
2006 WL 8563343 (C.D. Cal. Jan. 9, 2006)............................................10

*Doe v. Regents of the Univ. of Cal.*
672 F.Supp.3d 813 (N.D. Cal. 2023)....................................................8, 9

*Eclectic Properties East, LLC v. Marcus & Millichap Co.*
751 F.3d 990 (9th Cir. 2014) .....................................................................9

*Lee v. City of L.A.*
250 F.3d (9th Cir. 2001) ...........................................................................10

*Navarro v. Sage Point Lender Servs., LLC*
2014 WL 12603214 (C.D. Cal. Aug. 12, 2014) ....................................5, 6

*Nuveen v. Mun. High Income Opportunity Fund v. City of Alameda, Cal.*
730 F.3d 1111 (9th Cir. 2013) .............................................................4, 6

*Swartz v. KPMG LLP*
476 F.3d 756 (9th Cir. 2007) ...................................................................11

*Venture Associates Corp. v. Zenith Data Sys. Corp.*
987 F.2d 429 (7th Cir. 1983) ....................................................................10

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Webb v. Trader Joe's Co.*
  999 F.3d 1196 (9th Cir. 2021) ............................................................................. 10

**State Cases**

*Behnke v. State Farm General Ins. Co.*
  196 Cal.App.4th 1443 (Cal. Ct. App. 2011) ...................................................... 7

*Broome v. Regents of the Univ. of Cal.*
  80 Cal.App.5th 375 (Cal. Ct. App. 2022) .......................................................... 8

*Burden v. County of Santa Clara*
  81 Cal.App.4th 244 (Cal. Ct. App. 2000) .......................................................... 4

*Cochran v. Herzog Engraving Co.*
  155 Cal.App.3d 405 (Cal. Ct. App. 1984) ..................................................... 4, 5

*County of Santa Clara v. Superior Court*
  14 Cal.5th 1034 (Cal. 2023) ........................................................................... 8, 9

*Eastburn v. Reg'l Fire Prot. Auth.*
  31 Cal.4th 1175 (Cal. 2003) ............................................................................... 4

*Masters v. San Bernardino County Employees Ret. Ass'n*
  32 Cal. App. 4th 30 (Cal. Ct. App. 1995) .......................................................... 5

*Michael J. v. Los Angeles County Department of Adoption*
  201 Cal.App.3d 859 (Cal. Ct. App. 1988) .......................................................... 7

*Requa v. Regents of the Univ. of Cal.*
  213 Cal.App.4th 213 (Cal. Ct. App. 2012) ........................................................ 2

*Thomas v. Regents of Univ. of Cal.*
  97 Cal.App.5th 587 (Cal. Ct. App. 2023) ...................................................... 4, 7

*Thornburg v. Superior Court*
  138 Cal.App.4th 43 (Cal. Ct. App. 2006) ....................................................... 5, 6

*Yee v. Superior Court*
  31 Cal.App.5th 26 (Cal. Ct. App. 2019) ......................................................... 5, 6

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Zelig v. County of L.A.*
   27 Cal.4th 1112 (Cal. 2002)......................................................................5, 6

**State Statutes**

Cal. Gov. Code §§ 818, 818.8 ...........................................................4, 6, 12

Cal. Gov Code §§ 815, 815.2 ...............................................................4, 5, 6

Cal. Gov. Code § 822.2 ................................................................................4

Cal. Gov. Code § 3294 ...............................................................................12

**Federal Rules**

Federal Rule of Civil Procedure 9(b) ..........................................................5

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.    INTRODUCTION

Weinhaus' Opposition to The Regents' Motion to Dismiss his First Amended Complaint ("Opposition") covers a lot of unnecessary territory.  For example, it cites at length to inapplicable caselaw, makes conclusory assertions in an attempt to avoid dismissal, and spends an inordinate amount of space on continued self-promotion.

The Opposition does not, however, identify any legal authority suggesting that his purported contracts with The Regents were authorized, written, or enforceable; that The Regents is not immune from his common law, tort claims, and prayer for punitive damages; or that his discrimination claims are plausibly alleged in his First Amended Complaint ("FAC").

As explained more fully below, because Weinhaus' contract, common law, and tort claims fail as a matter of law, and because he cannot plead facts sufficient to state a claim of discrimination, Weinhaus' FAC should be dismissed.

## II.    FIFTH CAUSE OF ACTION: WEINHAUS' BREACH OF CONTRACT CLAIMS FAIL AS A MATTER OF LAW

### A.    Weinhaus Identifies No Valid Contracts

As a public employee, Weinhaus' employment was held by statute, not by contract.  (Def.'s Mem. of Points and Auth. In Support of Motion to Dismiss FAC ["Def.'s Br."], 9:8-10-16 [ECF 33-1].)  And, he cannot rely on any alleged oral promises because "an oral promise cannot be enforced against a government agency."  (Def.'s Br. 10:17-11:16.)  Thus, for his breach of contract claim to survive, Weinhaus was required to show the "MGMT 169 Contract" or the "January 2023 Contract" were expressly authorized by The Regents, a provision of the California Constitution, or by statute.  His Opposition makes no attempt to do so because there are no such resolutions, provisions, or statutes.

Weinhaus chooses to ignore established law and argue against a strawman,

1

asserting that because "[T]he Regents are constitutionally and statutorily authorized to hire the very best of educators, such as Plaintiff," then the alleged MGMT 169 and January 2023 Contracts were also authorized. (Opp'n, 11:22-24). However, The Regents does not assert that Weinhaus' hiring and employment were unauthorized, it only asserts that an alleged contract for MGMT 169 or work in January 2023 were not authorized. Weinhaus must show those alleged contracts were enforceable—not just that any contract between him and The Regents was authorized at any point. He has not demonstrated the contracts were enforceable.

### B.     Weinhaus' Implied-in-Fact Contract Argument Also Fails

Because neither the alleged MGMT 169 Contract nor the January 2023 Contract are express or authorized contracts, and because both are oral, Weinhaus cites to *Requa v. Regents of the University of California* for the position that an unauthorized, implied-in-fact contract may be enforced against The Regents. (Opp'n, 14:1-9.) *Requa* is distinguishable from the facts of this case in every respect. In that case, a group of retirees sought restoration of vested retirement benefits. *Requa v. Regents of the Univ. of Cal.*, 213 Cal.App.4th 213, 215 (Cal. Ct. App. 2012). The court found the plaintiffs demonstrated the benefits they sought were expressly authorized by The Regents "in accordance with policies and procedures used by the Regents in the ordinary course of their business and in the proper exercise of their powers," that the benefits were expressly referenced in a later resolution authorizing the University President to take steps for interested retirement plan participants "to amend their benefits to provide equal benefits to retired employees[,]" and that the benefits were then provided by The Regents for over 50 years. *Id.* at 226-27. Accordingly, the court held The Regents' authorization, resolution, and performance "clearly evince[d]" an intent by The Regents to create implied contractual rights in the retirees for their vested retirement benefits. *Id.* at 227-28.

The allegations in Weinhaus' FAC bear no resemblance to the facts in *Requa*.

Weinhaus is not seeking the restoration of any vested retirement benefits. He does not identify any board authorization, board resolution, legislation, authorized contract, or performance from which the implied contracts he claims exist—to teach classes at UCLA as a lecturer, indefinitely, as he chooses—may be derived. He merely alleges two UCLA employees made him an unauthorized oral promise. (FAC ¶¶ 74-77, 82, 150, 160.) His argument fails and this cause of action should be dismissed as a matter of law.

### C. No Matter How Well Pleaded, Weinhaus Cannot Enforce an Unauthorized Contract Against The Regents As a Matter of Law

Weinhaus argues that he has met the pleading standard for an enforceable contract because he attached an email to his FAC as "Exhibit A" that "provides adequate proof that the contracts in question were performed and reduced to writing." (Opp'n, 12:3-6.) This argument misses the point, and fails for at least two reasons.

First, the issue here is not whether Weinhaus has plausibly alleged a contract, it is whether his contract claims are barred as a matter of law. They are barred as a matter of law (Def.'s Br. 8:23-12:17), and Exhibit A does nothing to change that.

Second, Exhibit A is not a contract. It is an email chain that does not even suggest the alleged MGMT 169 Contract or alleged January 2023 Contract ever existed. Notably, every reference in Exhibit A to UCLA course listings for Spring 2023 notes zero students enrolled in any prospective courses associated with Mr. Weinhaus. (*See* Exh. A to FAC [ECF 24-1].) In addition, his argument that Exhibit A is proof of an oral contract is contradicted by the FAC, which admits The Regents could cancel or reassign courses at any time. (FAC, ¶¶ 58(a)-(c).)

/ / /

/ / /

/ / /

/ / /

III.    **WEINHAUS' COMMON LAW CLAIMS FAIL AS A MATTER OF LAW**

    A.    **Sixth Cause of Action: Weinhaus' Fraudulent Inducement Claim Fails**

The Regents is immune from Weinhaus' common law claims.  (Def.'s Br., 12:18-13:10.)  In attempting to avoid this established law, Weinhaus argues that his fraudulent inducement claim can still stand, despite the fact that it is a common law claim, because The Regents is vicariously liable under California Government Code section 815.2(a) ("Section 815.2(a)").  This argument fails for two reasons.

First, The Regents is immune from this claim under California Government Code section 818.8 ("Section 818.8").  "California law recognizes several categories of fraud. . . . The courts have assumed that the immunity [provided by Sections 818.8 & 822.2[1]] includes all types of fraud and deceit cases . . ."  *Thomas v. Regents of Univ. of Cal.*, 97 Cal.App.5th 587, 638 (Cal. Ct. App. 2023); *Nuveen v. Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1127 (9th Cir. 2013) (public entity properly invokes Section 818.8 in response to fraud claim); *Burden v. County of Santa Clara*, 81 Cal.App.4th 244, 253 (Cal. Ct. App. 2000) (the Government Claims Act "clearly provides that even in cases in which the public employee is liable for actual fraud, the public entity is immune.").

Second, even if The Regents was not immune, Weinhaus has not satisfied the pleading requirements for vicarious liability in light of the Government Claims Act's broad immunities. *See* Gov't Code §§ 815, 815.2; *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal.4th 1175, 1179-80 (Cal. 2003); *Cochran v. Herzog Engraving Co.*,

_____

[1] Had either Dr. Osborne or "the Director" been named defendants in this action, they would have been immune from this claim under Section 822.2, unless the FAC adequately alleged actual fraud, corruption, or actual malice (and it does not). *Thomas,* 97 Cal.App.5th at 641.  Further, The Regents would have had additional immunity from this claim under Section 815.2.

155 Cal.App.3d 405, 410, n. 2 (Cal. Ct. App. 1984).  Generally, to plead fraudulent inducement under California law and Federal Rule of Civil Procedure 9(b), "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity."  *Navarro v. Sage Point Lender Servs., LLC*, 14-4585, 2014 WL 12603214, at *2 (C.D. Cal. Aug. 12, 2014).  These specific facts must establish "(1) a false representation of a material fact, (2) knowledge of its falsity, (3) intent to defraud, (4) actual and justifiable reliance, and (5) resulting damage."  *Id.* at *3.  To successfully allege a claim against an entity, Weinhaus must allege "the names of the persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Id.*  He "must not only specify how alleged statements were false, but must specify how statements were false when they were made."  *Id.*

Where the claim is brought against a public entity, the public entity is not automatically liable simply because, as a matter of necessity, it acts through its employees.  Thus, to establish vicarious liability of The Regents, Weinhaus must allege specific facts establishing a specific employee is liable for fraudulent inducement, no immunity applies, and the employee's conduct was within the course and scope of his employment.  *Yee v. Superior Court*, 31 Cal.App.5th 26, 40 (Cal. Ct. App. 2019) ("Vicarious liability depends on the employee being independently liable for the act, the entity becoming liable because the employee's act was taken within the scope of his or her employment."); *Masters v. San Bernardino County Employees Ret. Ass'n*, 32 Cal. App. 4th 30, 42 (Cal. Ct. App. 1995) (in addition to elements of claim, plaintiff "must allege . . . motivation by corruption or actual malice."); *Zelig v. County of L.A.,* 27 Cal.4th 1112, 1130-31 (Cal. 2002); *Cochran*, 155 Cal.App.3d at 410, n. 2.  To hold otherwise would render the common law immunity in Government Code section 815(a) moot because a public entity always acts through its employees.  *Thornburg v. Superior Court*, 138

Cal.App.4th 43, 49 (Cal. Ct. App. 2006) (canons of statutory construction preclude a construction that renders statute meaningless).

Here, Weinhaus has done none of the above.  He does not allege, with particularity, specific facts demonstrating the elements of a fraudulent inducement claim, that "the Director" or Dr. Osborne is independently liable, that either are not entitled to immunity, or that either's act was taken within the course and scope of their employment.  *Yee*, 31 Cal.App.5th at 40; *Zelig*, 27 Cal.4th at 1130-31; *Cochran*, 155 Cal.App.3d at 410.  Similarly, the FAC does not include specific facts as to the dates, times, places, benefits received, or other details of the alleged fraudulent activity.  (*See* FAC ¶¶ 74-76, 81, 114, 156-57, 160, 263, 265-66.)  The FAC does not name "the Director," provide details of the Director's or Dr. Osborne's authority to offer Weinhaus continued employment, allege the content of their statements, or allege either the Director or Dr. Osborne made any statements with knowledge of their falsity with the intent to defraud Weinhaus.  *Compare Navarro*, 2014 WL 12603214, at *3.  With these critical elements missing, the facts as alleged are insufficient to circumvent The Regents' immunity in Section 815(a), and Weinhaus' fraudulent inducement claim should be dismissed.

## B.    Seventh Cause of Action: Weinhaus' Misrepresentation Claim Cannot Survive Misrepresentation Immunity

Under Section 818.8, neither The Regents nor any of its employees can be liable to Weinhaus for a claim of misrepresentation.  *Nuveen Mun. High Income Opp. Fund v. City of Alameda, Cal*., 730 F.3d 1111, 1124-25 (9th Cir. 2013).  In attempting to avoid this rule, Weinhaus makes the novel argument that his employment with The Regents was not in the nature of a commercial transaction (where one works for compensation), but rather that his employment was a "social service" he provided in exchange for the opportunity to continue teaching more classes at UCLA.  (Opp'n, 16:7-20.)  This bad faith argument fails.

First, Weinhaus does not point to any legal authority in support of such a

1    cause of action in an employment dispute.

2        Second, as noted above, as a public employee, Weinhaus' employment was

3    held by statute, not by contract.  (Def.'s Br., 9:8-10-16.)  Weinhaus identifies no

4    statute, policy, or regulation showing The Regents compensates its instructors not

5    with money but with the opportunity to teach more.

6        Third, this new argument contradicts the FAC, which clarifies Weinhaus was

7    employed by UCLA and now seeks "lost wages, benefits, and other remuneration"

8    in connection with that employment.  (FAC ¶¶ 17, 20.)

9        Fourth, the authority Weinhaus cites is inapposite to his lawsuit.  In *Michael

10   J. v. Los Angeles County Department of Adoption*, 201 Cal.App.3d 859 (Cal. Ct.

11   App. 1988), the court held that misrepresentation immunity did not apply in a

12   personal injury action by a foster parent who was assaulted by a teenager placed in

13   her care who had not been informed of the youth's dangerous tendencies.  *Id.* at

14   868-69.  In doing so, the court held misrepresentation immunity did not apply where

15   there was a risk of physical harm in a "social service area."  *Id.* at 872.  Before and

16   after *Michael J.* was decided, California courts routinely applied representation

17   immunity to cases involving many types of financial interests, including

18   "misrepresentations concerning terms of employment . . ." *Thomas v. Regents of

19   Univ. of Cal.,* 97 Cal.App.5th 587, 640-41 (Cal. Ct. App. 2023) (collecting cases).

20       Weinhaus' argument entirely fails.  Misrepresentation immunity bars this

21   claim, and his novel "public benefit" theory should be disregarded.

22       **C.    Eighth Cause of Action: Weinhaus Offers No Support For His**

23       **Equitable Estoppel Claim**

24       A plaintiff cannot bring a claim for equitable estoppel, as this doctrine "acts

25   defensively only."  *Behnke v. State Farm General Ins. Co.*, 196 Cal.App.4th 1443,

26   1463 (Cal. Ct. App. 2011) (a "stand-alone cause of action for equitable estoppel will

27   not lie as a matter of law.").

28       In his Opposition, Weinhaus concedes the failure of his equitable estoppel

7

1  claim.  (Opp'n, 19:3-4.)  He now seeks to bring a new promissory estoppel cause of

2  action on the same grounds.  (Opp'n, 17:20-19:4.)  Even if he did seek leave to

3  amend his complaint – again – to include such a claim, it would still fail.  First, there

4  is no valid contract to which the theory can be applied, (Def.'s Br. 8:23-12:17), and

5  second, the FAC fails to show a "clear and unambiguous promise for benefits" to

6  which the theory of promissory estoppel could be applied.  *Broome v. Regents of the*

7  *Univ. of Cal.*, 80 Cal.App.5th 375, 389, n.16 (Cal. Ct. App. 2022).  His eighth claim

8  for equitable estoppel should therefore be dismissed with prejudice.

9        **D.**    **Ninth Cause of Action: Weinhaus Has Not Shown An Exception to**

10             **The Regents' Immunity From Unjust Enrichment Claims**

11        When it comes to oral or non-express employment contracts, the law in

12  California is that "[a]s a public entity, UC Regents cannot be sued under a theory of

13  quasi-contract[,] which necessarily means a "plaintiff cannot sustain a claim against

14  UC Regents for unjust enrichment."  *See Doe v. Regents of the Univ. of Cal.*, 672

15  F.Supp.3d 813, 821-22 (N.D. Cal. 2023).

16        Still, Weinhaus argues he can bring such a claim because governmental

17  immunities do not apply to tort claims seeking non-monetary relief.  (Opp'n, 19:19-

18  20:2 [citing Section 814].)  The case Weinhaus cites, *County of Santa Clara v.*

19  *Superior Court*, 14 Cal.5th 1034 (Cal. 2023), does not support his argument and, in

20  fact, establishes that his unjust enrichment claim should be dismissed.  In *County of*

21  *Santa Clara,* the California Supreme Court clarified that the Government Claims

22  Act did not bar an unjust enrichment claim based "on a reimbursement duty

23  imposed by statute."  *County of Santa Clara*, 14 Cal.5th at 1050.  Because the

24  plaintiff in that case (1) did not seek money damages, and (2) sought only to compel

25  a county to comply with its duty under a detailed and statutorily mandated

26  reimbursement scheme, the claim was not barred.  *Id.* at 1051-52.  The court then

27  distinguished cases involving unauthorized contracts and explained all such

28  contracts were void and could not be ratified, that no estoppel to deny their validity

1  could be invoked, and no recovery in quasi could he had, including through unjust
2  enrichment actions.  *Id.* at 1053-54.

3        Here, unlike the plaintiffs in *County of Santa Clara*, Weinhaus identifies no
4  applicable statutorily mandated scheme providing him any right to seek recovery
5  from The Regents, and he does seek damages.  (FAC, p. 51.)  Thus, this case is
6  more analogous to the unauthorized contracts barred in *County of Santa Clara*, and
7  the contract claim actions in *Doe v. Regents of the Univ. of Cal.* and *Pasadena Live*
8  *v. City of Pasadena* (see Def.'s Br., 13:11-28), under which Weinhaus' cause of
9  action for unjust enrichment against The Regents should be dismissed with
10  prejudice.

11  **IV.**  **FIRST THROUGH FOURTH CAUSES OF ACTION: WEINHAUS**
12        **FAILS TO PLEAD A DISCRIMINATION CLAIM**

13        **A.**  **Weinhaus Admits a More Plausible Reason Exists For His**
14           **Termination**

15        Weinhaus' discrimination claims all fail because he has not and cannot state a
16  plausible claim for any of them.  (Def.'s Br. 14:10-14.)  In part, this is because
17  Weinhaus provided a more plausible alternative non-discriminatory explanation for
18  termination of his employment in his FAC, and "[w]hen considering plausibility,
19  courts must also consider an 'obvious alternative explanation' for defendant's
20  behavior."  *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990,
21  996 (9th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)).

22        Here, the Court need not look far to find an obvious, nondiscriminatory
23  alternative explanation for The Regents' denial of Weinhaus' application for Initial
24  Continuing Lecturer—Weinhaus pleads this and admits it in his Opposition: "that
25  Defendant wished to preserve more classes for its tenured faculty in the face of
26  deliberately lowering enrollment to boost rankings."  (Opp'n, 7:20-8:1 ("…And the
27  FAC does indeed allege that motivation."); FAC ¶¶ 143, 145.)

28        In addition, Weinhaus fails to allege any plausible discriminatory action by

The Regents.  Again, taking his allegations at face value, the most Weinhaus alleges is that he experienced an adverse employment action *and* he is Jewish, but not that he experienced an adverse employment action *because* he is Jewish.  Considering he admits The Regents had an obvious, nondiscriminatory alternative explanation, and because there is no record that any decisionmaker considered the student evaluation commenting on statements Weinhaus made about his own drinking habits during classes (which Weinhaus does not deny), the FAC "stops short of the line between possibility and plausibility."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007).  Weinhaus' first through fourth claims should be dismissed as a result.

### B.    The Court Should Consider The Documents Weinhaus Incorporated by Reference Into The FAC

When deciding a Rule 12 motion, "courts consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference…"  *Lee v. City of L.A.*, 250 F.3d 688 (9th Cir. 2001); *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."  *Venture Associates Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429 (7th Cir. 1983); *Corona Service Park v. Moss*, 2006 WL 8563343, at *3 (C.D. Cal. Jan. 9, 2006) (citing *Venture*); *Bedell v. United Specialty Ins. Co.*, 2015 WL 12672095, at *1, n.1 (C.D. Cal. Mar. 30, 2015) (same).

Weinhaus only provides a mischaracterization of the reviews associated with his application to Initial Continuing Lecturer, and not the documents themselves.  (*E.g.*, Opp'n, 9, n.5.)  To limit the an understanding of the actual facts, Weinhaus argues that any consideration of the reviews incorporated by reference throughout his FAC requires converting the motion to dismiss to a motion for summary judgment.  This argument fails.

10

1    Weinhaus claims *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) stands

2  for the proposition that the instant motion should be converted to a motion for

3  summary judgment.  It does not.  In fact, *Swartz* does not cite Rule 56 or even refer

4  to summary judgment.  Rather, it notes "a court may consider a writing referenced

5  in a complaint but not explicitly incorporated therein if the complaint relies on the

6  document and its authenticity is unquestioned."  *Id*. at 763.

7    Here, Weinhaus does not question or dispute the documents' authenticity.

8  Further, the documents The Regents attached to its Motion to Dismiss are

9  referenced repeatedly throughout Weinhaus' FAC and, based on his allegations, are

10  indisputably central to his claims.

11    Regarding Exhibit A to the Burris Declaration (ECF 34.1), Weinhaus admits

12  UCLA's Ad Hoc Review Committee Report is central to his discrimination claim,

13  alleging: "Defendant's negative employment action against Plaintiff were primarily

14  based on soliciting, accepting, highlighting, and over-emphasizing one negative

15  student review in a faculty review process."  (FAC ¶ 29.)  He refers to this report 14

16  times in his FAC.  (*See* FAC ¶¶ 29, 32, 33, 34, 35, 98, 131, 133, 135, 145, 148, 167

17  n.3, 173, and 203.)  Exhibit A is properly considered on this motion to dismiss.

18    Regarding Exhibit B to the Burris Declaration (ECF 34.2), Weinhaus devotes

19  almost two full pages of his FAC to discuss the December 15, 2022 letter from the

20  UCLA Faculty Chairman, stating it was "steeped in procedural as well as

21  substantive bad faith dealing" in order to "achieve [The Regents'] desired result."

22  (FAC ¶¶ 145, 148(a)-(m).)  He has clearly incorporated Exhibit B by reference, and

23  it is properly considered as well.

24    Regarding Exhibit C to the Burris Declaration (ECF 34.3), Weinhaus

25  describes the February 16, 2023 letter from the UCLA Dean of Anderson School of

26  Management as "more subterfuge to cover-up the Faculty's reliance on

27  discrimination-based content," and states that the "list of obvious and self-rebutting

28  claims from [the letter] is too long to analyze, but is evident from the record of

11

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

information he reviewed and received."  (FAC ¶¶ 173, 174.)  He stated this letter contained explicit reference to The Regents' reliance on discriminatory content. (FAC ¶ 173.)  As such, Exhibit C is also properly included and may be considered on The Regents' Motion to Dismiss.

## V.    WEINHAUS DOES NOT DISPUTE THAT HE IS NOT ENTITLED TO RECOVER PUNITIVE DAMAGES

Public entities are not liable for punitive damages.  Cal. Gov. Code § 818 ("[A] public entity is not liable for damages under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."); *City of Newport v. Fact Conerts, Inc.*, 453 U.S. 247, 217 (1981). Other than to comment that The Regents' request to dismiss his prayer for punitive damages is a "pointless endeavor," Weinhaus offers no legal argument in his Opposition.  (Opp'n, p. 19 fn.13.)  His prayer for punitive damages should be dismissed as a result.

## VI.   CONCLUSION

For the foregoing reasons, The Regents respectfully requests this Court grant its Motion to Dismiss Plaintiff's FAC with prejudice.

Dated:  June 2, 2025                    QUARLES & BRADY LLP


By:    */s/ Matthew W. Burris*
       SANDRA L. McDONOUGH
       MATTHEW W. BURRIS
       KELLY M. BUTLER
       Attorneys for THE REGENTS OF THE
       UNIVERSITY OF CALIFORNIA

DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT