1  SANDRA L. McDONOUGH (SBN 193308)
   sandy.mcdonough@quarles.com
2  MATTHEW W. BURRIS (SBN 325569)
   matt.burris@quarles.com
3  KELLY M. BUTLER (SBN 342394)
   kelly.butler@quarles.com
4  **QUARLES & BRADY LLP**
   101 West Broadway, Suite 1500
5  San Diego, California 92101
   Telephone: 619-237-5200
6  Facsimile: 619-615-0700

7  Attorneys for THE REGENTS OF THE
   UNIVERSITY OF CALIFORNIA

8

9  EDWARD "COACH" WEINHAUS, ESQ.
   eaweinhaus@gmail.com
10 11500 Olive Blvd Suite 133
   Creve Coeur, MO, 63141
11 Telephone: 314-580-9580

12 Plaintiff in *Pro Per*

13               **UNITED STATES DISTRICT COURT**

14               **CENTRAL DISTRICT OF CALIFORNIA**

15

16 EDWARD "COACH" WEINHAUS,          Case No. 2:25-cv-00262 JFW (ASx)

17          Plaintiff,                **JOINT STATEMENT OF LOCAL
                                      RULE 7-3 CONFERENCE**
18      v.
                                      Judge:        John F. Walter
19 REGENTS OF THE UNIVERSITY OF      Mag. Judge:    Alka Sagar
   CALIFORNIA,                       Crtrm.:        7A
20                                    Trial Date:    9/15/26 8:30 AM
            Defendant.
21

22

23         Plaintiff Edward "Coach" Weinhaus ("Plaintiff") and Defendant The Regents

24 of the University of California ("Defendant") (collectively, the "Parties") hereby

25 submit this Joint Statement of Conference regarding Plaintiff's Motion Pursuant to

26 Fed. R. Civ. Proc. 12(d) in compliance with Local Rule 7-3 and Paragraph 5(b) of

27 this Court's Standing Order:

28         1.    Counsel for the Parties initially met and conferred regarding

   _____
            JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

1   Defendant's intent to move to convert Defendant's Motion to Dismiss the First

2   Amended Complaint to a Motion pursuant to FRCP 12(d) on March 6, 2025 when

3   discussing Defendant's Motion to Dismiss the Original Complaint.  After meeting

4   and conferring, Plaintiff agreed to file an amended Complaint, which he did on May

5   1, 2025.

6   　　　2.　　Counsel for the Parties met and conferred regarding Defendant's intent

7   to move to dismiss Plaintiff's First Amended Complaint on May 9, 2025. Counsel

8   for Defendant is located in the Southern District of California, and Plaintiff is based

9   out of Missouri (at the time of this conference, Plaintiff was in England).

10  Accordingly, the Parties met and conferred via teleconference, which lasted

11  approximately an hour. The Parties discussed Plaintiff's position that Defendant's

12  use of documents it intended to incorporate by reference, if allowed by the Court,

13  would convert the Motion to Dismiss (FRCP 12(b)(6)) into a matter for Summary

14  Judgment (FRCP 12(d)). The Parties reflected this discussion in our Rule 7.3 filing

15  on May 12, 2025. ECF # 26 (pgs. 3-4).

16  　　　3.　　The Parties then fully briefed the Motion to Dismiss and addressed the

17  issue of converting the motion. ECF #33-1 (Memorandum pg. 5-7, 15-16 fn. 4, 5),

18  ECF # 37 (Plaintiff's Opposition pgs. 6, 8, 20, fn. 4), ECF # 44 (Defendant's Reply

19  pgs. 10-11).

20  　　　4.　　Plaintiff emailed Defendant's Counsel immediately upon receiving the

21  Reply Brief on June 2, 2025 requesting the conference.

22  　　　5.　　During the teleconference on June 5, 2025, the Parties discussed the

23  following positions:

24  　　　　　i.　　Plaintiff's Position:  The Federal Rule of Civil Procedure

25  12(d) states as follows:

26  　　　(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under

27  　　　Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

28  　　　excluded by the court, the motion must be treated as one for summary

JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE

1    judgment under Rule 56. All parties must be given a reasonable opportunity

2    to present all the material that is pertinent to the motion.

3  Defendant's use documents incorporated by reference – not for their existence – but

4  for the factual claims the documents purport to make inside. This presents a factual

5  matter to the Court under Rule 56, not 12(b)(6). Plaintiff understands Defendant's

6  position that they can rely on factual matters attested to in letters/documents by

7  third-parties who are not witnesses to contest factual assertions in the First Amended

8  Complaint so long as those letters/documents were mentioned in the Complaint.

9  Further, they can use their characterizations of those letters/documents to serve as

10  rebuttals to assertions in the First Amended Complaint under FRCP 12(b)(6).

11       As for a Proposed Order related to the Motion to Dismiss, Counsel emailed

12  the Court clerk about this impending motion and how it relates to the Proposed

13  Order while the parties were preparing to produce this Conference report.

14                    ii.    Defendant's Position:

15       Rule 12(d) is not implicated by Defendant's motion to dismiss, because courts

16  may properly consider documents incorporated into a complaint by reference on a

17  Rule 12(b)(6) motion. *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir.

18  2021). Specifically, "[d]ocuments that a defendant attaches to a motion to dismiss

19  are considered part of the pleadings if they are referred to in the plaintiff's complaint

20  and are central to [his] claim." *Venture Associates Corp. v. Zenith Data Sys. Corp.*,

21  987 F.2d 429 (7th Cir. 1983).

22       Plaintiff incorporates by reference each document attached to the Burris

23  Declaration. He refers to Exhibit A (ECF No. 34.1) 14 times in the FAC, (*see* FAC

24  ¶¶ 29, 32, 33, 34, 35, 98, 131, 133, 135, 145, 148, 167 n.3, 173, 203), and admits

25  that the "negative employment action against Plaintiff were primarily based on" this

26  document (FAC ¶ 29.) Similarly, he discusses Exhibit B (ECF No. 34.2) for almost

27  two full pages, (*see* FAC ¶ 148(a)-(m)), and states the letter was created to "achieve

28  [The Regents'] desired result" (FAC ¶ 145). Finally, Exhibit C (ECF No. 34.3) is

1  incorporated by reference because Plaintiff also references it repeatedly, and

2  because he states that the "list of obvious and self-rebutting claims from [Exhibit C]

3  is too long to analyze, but is evidence from the record of information he reviewed

4  and received." (FAC ¶¶ 173, 174.)

5        Accordingly, because these documents are referred to – extensively – in the

6  FAC, and because they are central to his claims, Defendant is entitled to attach them

7  to its motion to dismiss and have them be considered part of the FAC.

8        Defendant does not agree that either this Rule 7-3 Joint Statement or

9  Plaintiff's forthcoming Rule 12(d) motion, if filed, satisfy Paragraph 5(f) of this

10  Court's Standing Order.  [ECF No. 9]

11        6.    The Parties were unable to resolve their differences as to the proposed

12  relief Plaintiff requests.

13

14  Dated:  June 9, 2025                QUARLES & BRADY LLP

15

16                              By:  _____/s/Kelly M. Butler/s/_____

17                                   SANDRA L. McDONOUGH
                                     MATTHEW W. BURRIS
18                                   KELLY M. BUTLER
                                     Attorneys for THE REGENTS OF THE
19                                   UNIVERSITY OF CALIFORNIA

20

21  Dated:  June 9, 2025

22

23                              By:  ____/s/Edward "Coach" Weinhaus/s/____

24                                   EDWARD "COACH" WEINHAUS
                                     Plaintiff in *Pro Per*

25

26

27

28