EDWARD "COACH" WEINHAUS, ESQ.
LegalSolved LLC
CA BAR #330344, Licensed before C.D.Cal.
11500 Olive Blvd. Suite 133
Creve Coeur, MO. 63141
Telephone: 314-580-9580
E-mail: eaweinhaus@gmail.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONVERT MOTION TO DISMISS INTO SUMMARY JUDGMENT PROCEEDING UNDER FRCP 12(d)**<br><br>Hearing Date:  7/14/25 @1:30 PM<br><br>Judge:         John F. Walter<br>Mag. Judge:    Alka Sagar<br>Crtrm.:        7A<br>Trial Date:    9/15/26 8:30 AM |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on July 14, 2025, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 7A, the Honorable John F. Walter presiding, located at 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Edward "Coach" Weinhaus will and hereby does move this Court to convert Defendant's Motion to Dismiss the First Amended Complaint to a Rule 56 Summary Judgment proceeding under Fed. R. Civ. Proc. 12(d).

To the Honorable Court:

Plaintiff, Edward "Coach" Weinhaus, respectfully moves this Court to convert Defendant's Motion to Dismiss the First Amended Complaint (ECF #33) to a Summary Judgment proceeding under Fed. R. Civ. Proc. 12(d) in the above-captioned matter. In support of this motion, the undersigned states as follows:

## BACKGROUND

1. Plaintiff filed the First Amended Complaint ("FAC") on May 1, 2025. ECF #24. Defendant filed its Motion to Dismiss on May 15, 2025. ECF #33.

2. Along with its Motion to Dismiss, Defendant's counsel included an affidavit asserting three documents should be incorporated by reference. ECF #34. The three documents include assertions made by the Defendant or its agents (the "Documents"). ECF # 34-1, 2, 3.

3. Defendant then used the assertions in the Motion to Dismiss for several purposes beyond alerting the Court of their existence. A) First, the Defendant used the Documents to serve as truthful assertions of fact. B) Second, it used the new assertions of fact in the Documents to contest factual matters in the First Amended Complaint. C) Third, it used the new assertions of fact in the Documents to provide legal basis of a "more plausible" basis for discrimination to deny that Plaintiff's assertions were "plausible" pursuant to the pleading standard in an effort to dismiss the discrimination Counts I-IV.

4. Plaintiff addressed these issues in the Opposition to the Motion to Dismiss. ECF # 37 pgs. 8-11.

5. Defendant asked the Court to resolve a factual issue by asking the Court to determine that the First Amended Complaint pleads a "mischaracterization" of content in the Documents as part of pretextual discriminatory acts. ECF # 44 pg 10.

6. The parties conferenced on the issue on three occasions but were unable to

come to a resolution[1]. ECF #46.

**LEGAL STANDARD**

A motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) accepts all facts plead as true. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."). Defendants may incorporate documents that have been referenced in the pleadings. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A court may even *assume* their truthfulness. *Id.* But a court may not use the *assumed* truthfulness of the elements inside of an incorporated document to dispute factual assertions of a complaint at the pleading stage. *Khoja v. Orexigen Therapeutics*, Inc., 899 F.3d 988, 1003 (9th Cir. 2018).

When a party seeks to dispute the facts of a case at the pleading stage, Fed. R. Civ. Proc. 12(d) states:

> *Result of Presenting Matters Outside the Pleadings*. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

A district court may not rely on the content of materials outside of the pleadings to resolve *disputed* matters as alleged in a complaint leading to dismissal. *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 85 (9th Cir. 1968). The Court cannot resolve factual disputes and interpretations against those of the Plaintiff at the pleading stage based on the disputed matters. *Lee v. City of Los Angeles*, 250

---

[1] Plaintiff requested the final conference the day the Reply brief was filed. Plaintiff alerted the Court that the Proposed Statement of Ruling was pending this motion whose Proposed Order would have been the Proposed Statement of Ruling. An alternate Proposed Statement of Ruling should this motion be denied will be provided herewith.

F.3d 668, 690 (9th Cir. 2001) ("But the court did more than take judicial notice of undisputed matters of public record. The court took judicial notice of disputed facts stated in public records."). Failure to treat the motion as one for summary judgment would constitute reversible error. *See Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982). Thus, when presented with factual disputes raised by documents incorporated by reference, the appropriate step for a Court is to ignore the factual assertions of the Movants or to convert the matter to motion for Summary Judgment. F.R.C.P 12(d); see *Bitton v. Gencor Nutrientes, Inc.*, 654 F. App'x 358, 361-62 (9th Cir. 2016).

## PARTIES' REFERENCES TO THE DOCUMENTS

The parties agree that the Documents are referenced in the FAC. Plaintiff adequately pleads that the documents demonstrate subterfuge, pretextual evidence, and even the wrongfulness of the Defendant's actions when the full allegations of the FAC are included. For example:

- A) The FAC states that after he relied on the FALSE REVIEW (which he admits in the Documents, "Dean Bernardo's review is fantastical and nonsensical and cannot be viewed with any meaning without the whole file." ECF #24 ¶ 33.
- B) "Chairman Sood confirmed the general basis of the Faculty Review [one of the Documents] as having been conducted inappropriately… counteract the effect of the FACULTY REVIEW".). ECF #24 ¶¶ 165-66.
- C) "Dean Bernardo continued bad faith behavior of inventing …standards …Dean Bernardo's assessment ('COVER UP LETTER'), after being hidden from Plaintiff, was more subterfuge…The list of obvious and self-rebutting claims from Dean Bernardo's COVER UP LETTER is too long to analyze, but is evident from the record of information he reviewed and referenced." ECF # 24 ¶.

The claims of pretextual basis and subterfuge are central to Plaintiff's claims, included the assertions (and admissions) in the Documents.

Defendant used the Documents in both its Motion and its Reply, but not for their existence, but to contest the factual assertions of the FAC. Defendant admits it: "Weinhaus only provides a *mischaracterization* of the reviews associated with his

application to Initial Continuing Lecturer…" ECF #44 pg. 10. The Defendant would prefer the Court resolve the matter by accepting Dean Bernardo's characterization. ECF #33-1 pgs. 15-16. Thus, Defendant tells the Court, "The most plausible reading of Weinhaus' Complaint is that The Regents did not appoint Weinhaus to Initial Continuing Lecturer (which ended his employment with UCLA) because his courses lacked rigor, lacked content, lacked organization, and lacked professionalism."). *Id.* Thus, Defendant's use of the Documents are solely for the purpose of attempting to rebut facts alleged in the FAC about the Documents – either that Plaintiff "mischaracterized" them or that the assertions in the Documents should be taken above those of the Plaintiff.

**DEFENDANT ASKS THE COURT TO USE THE DOCUMENTS TO DISPUTE FACTS WHICH REQUIRE CONVERSION OF THE MOTION**

The only dispute between the parties is whether the Court should strike the Defendant's use of the Documents to dismiss Counts I-IV, or convert the Motion to Dismiss as to one of Summary Judgment under Rule 12(d). Defendant relies on cases that allow documents to be incorporated by reference in a Rule 12(b)(6) context but do not discriminate in how those documents were *used*. Here, the Defendants beg the Court to believe the findings of Dean Bernardo as a settled matter when Plaintiffs have asserted that the very letter is part of subterfuge, a pretextual basis, and a cover-up. The FAC details it - unrebutted[2].

---

[2] Defendant *needs* these assertions to otherwise rebut the FAC. See ECF # 37 pgs. 7:

The FAC details the wrongful solicitation of, inclusion of, and reliance on the "FALSE REVIEW" (¶¶ 29-34) in Defendant's employment decision. The FALSE REVIEW was discriminatory in nature on its face, with two, separate, negative references to Plaintiff's Jewishness lacking context to an educational setting. *Id.* It inclusion led to the Faculty Committee devolving into an "UNCOMFORTABLE WITH JEWS REVIEWS" fantasy (¶ 148(j)-(l)), whereby Plaintiff purportedly made an invented mass of students uncomfortable who then never left bad reviews, to explain the disproportionately excellent reviews for Plaintiff. Plaintiff alleges the

The Defendant has asked the Court to find that Plaintiff "mischaracterized" the Documents but with no ascertainable basis to do so rather than believe the assertions therein. But that flies in the face of the pleading stage rules where all reasonable inferences must be resolved in favor of the Plaintiff's allegations. *In re Tracht Gut, LLC* at 1150. The Defendant has asked the Court to consider the Documents assertions as "most plausible" such that it must find Plaintiff's assertions implausible, but without ever addressing the content of the Plaintiff's assertions. Doing so would turn the Court into a factfinder – the exact opposite of the pleadings stage procedure. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) ("the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."). The Court should convert the matter to a Motion for Summary Judgment. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1075-76 (9th Cir. 2019) (no error where district court converted a motion to dismiss into one for summary judgment.)

**WHEREFORE**, the undersigned respectfully requests that the Court grant this motion and convert the Motion to Dismiss (ECF #33) to a Rule 56 Summary Judgment proceeding under Fed. R. Civ. Proc. 12(d). The undersigned further requests any additional relief the Court deems just and proper.

Respectfully submitted,                     Dated: June 11, 2025

---

Defendant thereby discriminatorily treated Plaintiff because of his Jewishness as they would not and have never treated any other similarly situated religious group (or national origin). FAC ¶ 35. Defendant's arguments do not address any of this but rather rely on one legal defense – other 'plausible' explanations. Defendant has not rebutted in any way that reliance on discriminatory reviews didn't lead to Dean Bernardo's assessment in precisely the way Plaintiff described – when in fact Dean Bernardo admitted to relying on it. ECF #24 ¶ 33.

By:    /s/Edward "Coach" Weinhaus/s/
EDWARD "COACH" WEINHAUS, ESQ
Plaintiff
CA BAR# 330344

**CERTIFICATE OF SERVICE**

I, Edward "Coach" Weinhaus, certify that on June 11, 2025, I served a copy of this Unopposed Motion to Reschedule Hearing on all parties or their counsel of record via CM/ECF addressed as follows:

Matt Burris | Attorney
matt.burris@quarles.com | D. 619-243-0892
Quarles & Brady LLP
101 West Broadway, Suite 1500
San Diego, CA 92101

/s/Edward "Coach" Weinhaus/s/
EDWARD "COACH" WEINHAUS, ESQ Plaintiff
CA BAR# 330344