**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-262-JFW(ASx)** | Date: June 20, 2025 |
| Title: | Edward "Coach" Weinhaus *-v-* Regents of The University of California | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [filed 5/15/2025; Docket No. 33]**

     On May 15, 2025, Defendant Regents of the University of California ("Defendant" or "UC Regents") filed a Motion to Dismiss Plaintiff's First Amended Complaint. On May 23, 2025, Plaintiff Edward "Coach Weinhaus ("Plaintiff" or "Weinhaus") filed his Opposition. On June 2, 2025, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's June 16, 2025 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

     Plaintiff alleges that he was employed by UC Regents as a lecturer at UCLA from August 1, 2016 through December 31, 2022. First Amended Complaint ("FAC") ¶ 17. His employment was subject to a Collective Bargaining Agreement ("CBA") between Non-Senate Faculty (Unit 18) and UC Regents. *Id.* As part of this CBA, Plaintiff taught courses pursuant to "appointments," which UCLA largely controlled. *Id.* ¶ 58. UCLA was not obligated to appoint Plaintiff to any courses and could cancel Plaintiff's appointment to a particular course (provided that it also terminated the course). *Id.* 58(a)-(c). Plaintiff alleges that there is nothing in the CBA or any other written contract that prevents Plaintiff from entering into other contracts with UC Regents outside of the CBA for time periods covered by a CBA-controlled appointment or for time-periods outside of a CBA-controlled appointment. *Id.* ¶ 18.

### A.   The Alleged MGMT 169 Contract - 2018

Plaintiff alleges that, in 2018, he entered into a contract with UC Regents, through Dr. Al Osborne, former Director of the Price Center for Entrepreneurship & Innovation at the UCLA Anderson School of Management.  As part of this contract (the "MGMT 169 Contract"), Plaintiff alleges that Dr. Osborne promised he would be able to teach a particular class, MGMT 169, once the class was approved, for as long as it was offered regardless of any CBA-controlled appointment, provided that Dr. Osborne found his teaching skills satisfactory.  FAC ¶¶ 74, 76.  Plaintiff alleges that Dr. Osborne was authorized to enter into this contract on behalf of UC Regents, which was confirmed by UC Regents' "actions," including during a call on February 17, 2023.  *Id.* ¶ 160.

### B.   The Alleged January 2023 Contract

Plaintiff alleges that, in January 2023, he entered into another contract with UC Regents, this time through an unidentified "Director of the UME Program."  *Id.* ¶¶ 85, 152, 156.  As part of this contract (the "January 2023 Contract"), Plaintiff alleges that the Director promised that Plaintiff would teach a Social Entrepreneurship course.  Plaintiff alleges that he agreed to do so under certain conditions, and that the Director accepted these conditions.  *Id.* ¶¶ 156, 158.  Plaintiff alleges that the Director was authorized to enter into this contract on behalf of UC Regents, which was confirmed by UC Regents' actions, including during a call on February 17, 2023.  *Id.* ¶ 160.

### C.   Plaintiff's Evaluation and Performance Review for Appointment As a Continuing Lecturer

During 2022, UC Regents conducted an Excellence Review of Plaintiff, to determine if he would be appointed as a Continuing Lecturer.  FAC ¶¶ 122, 146.  A three-person ad hoc committee recommended Plaintiff's appointment as a Continuing Lecturer by a vote of 3-0.  *Id.* ¶ 131.  Subsequently, however, the Faculty Review Committee voted against Plaintiff's appointment as a Continuing Lecturer, allegedly relying on a student review that included two comments related to his Jewish background, including that: (1) Plaintiff referred to himself frequently as "the hardest drinking Jew in Chicago"; and (2) Plaintiff "also taught every lesson about integrity or morality through Old Testament examples."  *Id.* ¶¶ 29-30, 133, 145.

In February 2023, Dean Bernardo of the UCLA Anderson School of Management, issued a final decision, declining to appoint Plaintiff as a Continuing Lecturer, which had the effect of ending his employment at UCLA.  *Id.* ¶¶ 165-171, 175.  Although Plaintiff was no longer employed by UCLA, Plaintiff alleges that he had continuing obligations through Winter quarter, including teaching multiple class sessions in March 2023, proctoring a final exam, and grading exams, which required him to continue working for UCLA through April 3, 2024.  *Id.* ¶¶ 176,183

### D.   Plaintiff's First Amended Complaint

In Plaintiff's First Amended Complaint, Plaintiff alleges the following claims for relief against UC Regents: (1) discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964; (2) discrimination based on national origin in violation of Title VII of the Civil Rights Act of 1964; (3) discrimination based on religion in violation of the California Fair Employment and

Housing Act; (4) discrimination based on national origin in violation of the California Fair Employment and Housing Act; (5) breach of contract; (6) fraudulent inducement; (7) misrepresentation; (8) equitable estoppel;[1] and (9) unjust enrichment.

### E.     UC Regents' Motion to Dismiss

UC Regents moves to dismiss Plaintiff's First Amended Complaint on the grounds that:

(1)     Plaintiff fails to allege sufficient facts to state plausible claims for relief for discrimination in violation of Title VII of the Civil Rights Act of 1965 and the California Fair Employment and Housing Act;

(2)     Plaintiff fails to state a claim for breach of contract because:

    (a)     his employment is government by statute, not contract;

    (b)     oral contracts with public entities are unenforceable; and

    (c)     he fails to allege that the employees he contracted with were constitutionally or statutorily authorized to contract on behalf of the UC Regents;

(3)     Plaintiff fails to state clams for fraudulent inducement, misrepresentation, and unjust enrichment because UC Regents is immune from these common law claims;

(4)     No standalone claim for equitable estoppel is cognizable under state or federal law;

(5)     Plaintiff fails to state a claim for unjust enrichment because UC Regents is immune from claims based on quasi-contract theories; and

(6)     UC Regents cannot be liable for punitive damages as a matter of law.

## II.     LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a

---

[1] The Court construes Plaintiff's claim for "equitable estoppel" as a claim for promissory estoppel.

right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend.  Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted.  *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.   DISCUSSION

With the exception of Plaintiff's claims for fraudulent inducement and misrepresentation, the Court concludes that the issues raised by UC Regents with respect to Plaintiff's claims are more appropriately resolved on a motion for summary judgment.

Indeed, in moving to dismiss Plaintiff's discrimination claims, UC Regents relies on documents outside the pleadings, including the Ad Hoc Review Committee Report dated October 7, 2022, a letter from the UCLA Faculty Chairman dated December 15, 2022, and a letter from the UCLA Dean of Anderson School of Management dated February 16, 2023.  *See* Declaration of Matthew W. Burris (Docket No. 34), Exs. A, B, and C.. Although UC Regents contends that the Court may consider these documents because Plaintiff incorporates references to those documents in his First Amended Complaint, the Court concludes that the truth of the statements in those documents are not appropriately considered on a Rule 12(b)(6) motion. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018) ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.").

With respect to Plaintiff's remaining claims (other than fraudulent inducement and misrepresentation), UC Regents fails to adequately address and analyze those claims, making unacceptable gross generalizations from the cases it relies on in support of its positions.  For

example, in its moving papers, UC Regents fails to adequately address and analyze the implications of *Retired Emps. Assn. of Orange Cnty., Inc. v. Cnty. of Orange,* 52 Cal. 4th 1171 (2011), and specifically whether Plaintiff could have entered into an implied contract or agreed to implied terms with UC Regents. *See Retired Emps. Assn. of Orange Cnty., Inc.*, 52 Cal. 4th at 1188 (concluding that Cal. Gov. Code § 3505.1 does not categorically bar a claim for breach of implied terms that were not expressly included in a collective bargaining agreement approved by the governing body).  As another example, UC Regents also makes the overbroad assertion that oral contracts with public entities are categorically unenforceable.  However, these cases do not support that categorical claim. *See Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1094 (2004) (dismissing claim for unjust enrichment based on an oral contract, not a breach of contract claim, and stating "[a] public entity cannot be held liable on an implied-in-law or quasi-contract theory.")*; Orthopedic Specialists of S. California v. Pub. Employees' Ret. Sys.,* 228 Cal. App. 4th 644, 649 (2014) (concluding that an oral promise cannot be enforced against a government agency based on a implied-in-law or quasi-contract theory because such a theory is based on quantum meruit or restitution considerations).

With respect to Plaintiff's claims for misrepresentation and fraudulent inducement, however, the Court concludes that those claims must be dismissed because UC Regents is immune from those claims under California Government Code § 818.8.  *See* Cal. Gov. Code § 818.8 ("[A] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional."); *Thomas v. Regents of Univ. of California*, 97 Cal. App. 5th 587, 638 (2023) ("The courts have assumed that the immunity includes all types of fraud and deceit cases . . . .").  The Court rejects Plaintiff's novel argument that his employment was not, by its nature, a commercial transaction such that misrepresentation immunity is inapplicable.

## IV.    CONCLUSION

For the foregoing reasons, UC Regents' Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED in part, DENIED in part**. Plaintiff's claims for misrepresentation and fraudulent inducement are **DISMISSED without leave to amend.**  *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

IT IS SO ORDERED.