SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
KELLY M. BUTLER (SBN 342394)
kelly.butler@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE UNIVERSITY OF CALIFORNIA

EDWARD "COACH" WEINHAUS, ESQ.
eaweinhaus@gmail.com
11500 Olive Blvd Suite 133
Creve Coeur, MO, 63141
Telephone: 314-580-9580

Plaintiff in *Pro Per*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE**<br><br>Judge:      John F. Walter<br>Mag. Judge: Alka Sagar<br>Crtrm.:     7A<br>Trial Date: 9/15/26 8:30 AM |

Plaintiff Edward "Coach" Weinhaus ("Plaintiff") and Defendant The Regents of the University of California ("Defendant") (collectively, the "Parties") hereby submit this Joint Statement of Conference regarding Plaintiff's Motion Pursuant to Fed. R. Civ. Proc. 12(f) in compliance with Local Rule 7-3 and Paragraph 5(b) of this Court's Standing Order:

    1.    The parties had previously conferred on an issue related to one of

Defendant's potential affirmative defenses addressing a second right to sue letter from the EEOC during the response time of a prior letter. Plaintiff forwarded caselaw to demonstrate equitable tolling in this instance via email on June 25, 2025. *Overstreet v. Living Spaces Furniture LLC*, No. CV-23-00248-PHX-ROS, 2023 U.S. Dist. LEXIS 117010, at *14-15 (D. Ariz. July 7, 2023).

2. Counsel for the Parties initially met and conferred regarding Defendant's intent to move to strike several other of Defendant's Affirmative Defenses pursuant to FRCP 12(f) on July 21, 2025 in person at Defendant's counsel's office in downtown San Diego.

3. The conference lasted approximately 45 minutes. The Parties discussed Plaintiff's position that Defendant's Affirmative Defenses did not meet the basic required pleading standard.

4. During the conference on July 21, 2025, the Parties discussed the following positions:

    i. <u>Plaintiff's Position:</u>

Plaintiff forwarded relevant case law to Affirmative Defense 1 (see above) in advance of filing and to deficient affirmative defenses listed below several weeks in advance of the conference. The issues related to the Affirmative Defenses listed below are self-evident relative to the legal standard since they are little more than hand-waving. Defendants did not bother to review <u>any</u> affirmative defenses for the conference, including the first one noticed pre-filing. Nonetheless, Plaintiff detailed the precise defenses and the issues with each which would necessitate either dropping them or detailing them to avoid motion practice. Defendant ultimately agreed with Plaintiff's position that repleading was appropriate, they were capable of reviewing their own affirmative defenses relative to the standard, and wouldn't need 48 hours for even that or to find further issues beyond that which Plaintiff raised. Plaintiff's legal position presented, for posterity, is as follows:

The Federal Rule of Civil Procedure 12(f) states as follows:

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:…
>
> …(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

A defendant's Rule 12(f) and pleading standards in this Circuit are a matter of some dispute, however, certain types of Affirmative Defenses and other claims are improper as a matter of law. For how this and most of the districts in the Circuit rule, see: *Meridian Rapid Defense Group LLC v. Delta Scientific Corp.*, No. CV 23-7222-GW-PDx, 2024 U.S. Dist. LEXIS 239767, at *6-7 (C.D. Cal. Feb. 8, 2024). The following affirmative defenses do not provide adequate basis under the pleading standards and should be stricken for lack of any factual allegations:

1-4, 6

The following affirmative defenses do not provide adequate basis under the pleading standards and should be stricken for lack of any reason but for a legal principle:

7-9, 12-15

Plaintiff suggests that Defendant maintain Item 21 as a "catch all" to re-instate defenses after discovery and strike the above, or otherwise seek to amend now to ensure they comply with the pleading standards. Plaintiff will not object to a First Amended Answer to re-plead Affirmative Defenses. Plaintiff does not herein automatically agree to future amendments.

        ii.       <u>Defendant's Position:</u>

On July 8, 2025, Plaintiff requested a July 21, 2025 conference to discuss a Rule 12(f) motion to strike Defendant's affirmative defenses. Defendant requested to know which defenses Plaintiff intended to strike, but Plaintiff did not identify any specific affirmative defenses he believed were improper. Rather, Plaintiff's counsel stated he would be prepared to discuss them on July 21.

On July 21, counsel for the parties met and conferred. For the first time, Plaintiff's counsel identified the affirmative defenses he seeks to challenge as insufficiently pleaded. Those are Nos. 1-4, 6-9, and 12-15. Because Plaintiff's counsel would not identify these in advance, after the conference ended, defense counsel was left with approximately 48 hours to consider an efficient resolution.

At the July 21 conference, counsel discussed potential paths to avoid motion practice. Counsel for both parties understood that Defendant could amend its answer at a later date to plead additional facts, to remove affirmative defenses, and to add any additional affirmative defenses it wished with either Plaintiff's consent or the Court's leave.

Defendant believes its affirmative defenses are adequately pled and believes Plaintiff's threatened motion to strike is an unnecessary distraction. However, Defendant recognizes that the relatively low burden of amending its answer is a more efficient way to resolve this issue than motion practice. Defendant understands that amending its answer will not interfere with or otherwise slow the parties' discovery efforts. Accordingly, Defendant agrees to file an amended answer within 30 days (or by Friday, August 22, 2025). This amended answer will include additional facts for affirmative defenses 1-4, 6-8, and 14. Defendant also agrees to omit defenses 5, 9-13, and 15 from its amended answer. Defendant anticipates these omitted affirmative defenses, and perhaps more, will be added back in via another amended answer during the discovery phase of this litigation and will seek

1 | Plaintiff's consent or the Court's leave to do so as appropriate.

2 |     5.    The Parties were able to resolve their differences as to the proposed

3 | relief Plaintiff requests.

5 | Dated: July 23, 2025      QUARLES & BRADY LLP

By:    /s/Matthew W. Burris
SANDRA L. McDONOUGH
MATTHEW W. BURRIS
KELLY M. BUTLER
Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

Dated: July 23, 2025

By:    /s/Edward "Coach" Weinhaus
EDWARD "COACH" WEINHAUS
Plaintiff in *Pro Per*