1  SANDRA L. McDONOUGH (SBN 193308)
   sandy.mcdonough@quarles.com
2  MATTHEW W. BURRIS (SBN 325569)
   matt.burris@quarles.com
3  KELLY M. BUTLER
   kelly.butler@quarles.com
4  **QUARLES & BRADY LLP**
   101 West Broadway, Suite 1500
5  San Diego, California 92101
   Telephone: 619-237-5200
6  Facsimile: 619-615-0700

7  Attorneys for THE REGENTS OF THE
   UNIVERSITY OF CALIFORNIA

8

9  **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  EDWARD "COACH" WEINHAUS, | Case No. 2:25-cv-00262 JFW (ASx) |
| 13                Plaintiff, | **DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| 14          v. | |
| 15  REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| 16                Defendant. | Judge:        John F. Walter |
| 17 | Mag. Judge:   Alka Sagar |
| 18 | Crtrm.:       7A |
| | Trial Date:   Not Set |

19
20      Defendant The Regents of the University of California ("Defendant")

21  submits its First Amended Answer to the First Amended Complaint ("Complaint"

22  or "FAC") filed by Plaintiff Edward "Coach" Weinhaus ("Plaintiff") as follows:

22                          **INTRODUCTION**

23      1.    Paragraph 1 contains a legal conclusion that requires no response.  To

24  the extent a response is required, admit.

25      2.    Defendant admits that UCLA is the nation's top-rated public learning

26  institution and retains top-rated entrepreneurship faculty, and that Plaintiff departed

27  UCLA.  Defendant denies it breached any promises to Plaintiff.  Defendant lacks

28

sufficient information to respond to the remainder of the allegations in Paragraph 2 and, on that basis, denies.

3.    Deny.

### JURISDICTION AND VENUE

4.    Paragraph 4 contains a legal conclusion that requires no response.  To the extent a response is required, deny.

5.    Paragraph 5 contains a legal conclusion that requires no response.  To the extent a response is required, deny.

6.    Paragraph 6 contains a legal conclusion that requires no response.  To the extent a response is required, deny.

### PARTIES

7.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

8.    Defendant denies that it is a public corporation, as it is a statutory corporation.  Defendant admits the remainder.

9.    Defendant admits that it has authority to hire employees and contract for services outside of employment, where authorized by statute.  Defendant denies the remainder.

10.    Defendant admits that it provides education and that this education could be considered a societal benefit.  Defendant denies the remainder.

11.    Paragraph 11 contains a statement that requires no response.  To the extent a response is required, deny.

12.    Deny.

13.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

14.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

15.    Deny.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

16.    Deny.

**BACKGROUND DISCRIMINATION FACTUAL ALLEGATIONS**

17.    Defendant admits that Plaintiff was employed by a faculty lecturer and that his employment was controlled by the Non-Senate Faculty Unit 18 collective bargaining agreement ("CBA") and was employed for 18 faculty quarters. Defendant denies that Plaintiff performed duties in an exceptional manner based on reviews written by his supervisors, UCLA administrators, and students.  Defendant further denies that Plaintiff was employed for any "uncounted" summer quarters.

18.    Deny.

19.    Deny.

20.    Deny.

21.    Admit.

22.    Deny.

23.    Deny.

24.    Defendant denies that the examples provided show that Defendant was in any employment or contractual relationship with Plaintiff other than the employment relationship dictated by the CBA or that it was compensating Plaintiff "in the societal interest."

    a.    Defendant denies that was in any employment or contractual relationship with Plaintiff other than the employment relationship dictated by the CBA or that it was compensating Plaintiff "in the societal interest."  Defendant admits the remainder.

    b.    Deny.

    c.    Paragraph 24(c) is illegible and Defendant denies on that basis.

    d.    Paragraph 24(d) is illegible and Defendant denies on that basis.

    e.    Defendant denies the provided example is evidence that Defendant was in any employment or contractual relationship with Plaintiff other than the employment relationship dictated by the CBA, or that it was compensating

Plaintiff "in the societal interest."  Defendant lacks sufficient information to confirm or deny the remainder and, on that basis, denies.

        f.     Deny.

25.     Deny.

26.     Deny.

27.     Defendant admits that its Chairman of Faculty of the UCLA Anderson School of Management, Sanjay Sood, informed Plaintiff in February 2022 that he would not be receiving continued appointment as faculty lecturer.  Defendant denies the remainder.

28.     Defendant denies that any of its actions were wrongful or that it demanded Plaintiff work into April 2023.  Defendant admits it shut off Plaintiff's employment benefits and access to teaching technology such as Zoom and access to the student learning portal in March 2023, consistent with the end of Plaintiff's employment with UCLA.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

29.     Deny.

30.     Admit.

        a.     Admit.

        b.     Admit.

31.     Defendant lacks sufficient information to admit or deny and, on that basis, denies.

32.     Deny.

33.     Defendant admits that it compiled a file on Plaintiff's teaching background.  Defendant denies the remainder.

34.     Deny.

        a.     Defendant admits the review was a student review.  Defendant denies the remainder.

        b.     Deny.

35.   Deny.

    a.    Deny.

    b.    Deny.

    c.    Deny.

36.   Deny.

37.   Deny.

### PLAINTIFF'S ACADEMIC, PROFESSIONAL, & TEACHING BACKGROUND

38.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

39.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

40.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

41.   Admit.

42.   Defendant denies that Plaintiff taught only one quarter at UCLA Anderson to graduate MBA students.  Defendant admits that Plaintiff taught courses under UCLA's Undergraduate Minor in Entrepreneurship ("UME").  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

43.   Defendant admits that its lecturers were permitted to obtain other employment while working at UCLA.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

44.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

45.   Defendant admits that its lecturers were permitted to obtain other employment while working at UCLA.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

46.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

47.    Defendant admits Plaintiff conducted courses at UCLA during 2021. Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

48.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

49.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

50.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

51.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

52.    Defendant denies that Plaintiff had an unmatched teaching record at UCLA.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

53.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

**PLAINTIFF'S HISTORY AT UCLA PRIOR TO PERFORMANCE REVIEW**

54.    Defendant admits Plaintiff was asked to acknowledge an appointment pursuant to the CBA when he began working for UCLA.  Defendant denies this occurred in August of 2016.

55.    Deny.

56.    Deny.

57.    Deny.

58.    Deny.

   a.    Deny.

   b.    Deny.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    c.    Deny.

2    d.    Deny.

3    e.    Deny.

4    f.    Deny.

5    g.    Deny.

6    h.    Deny.

7    59.    Defendant admits that its lecturers were permitted to obtain other

8  employment while working at UCLA.  Defendant admits that Plaintiff was given

9  appointments for certain quarters that exceeded 50 percent of a fulltime position.

10  Defendant denies the remainder.

11    60.    Defendant lacks sufficient information to admit or deny and, on that

12  basis, denies.

13    61.    Defendant admits that Plaintiff's student reviews for his first two

14  classes were unexceptional.  Defendant lacks sufficient information to admit or deny

15  the remainder and, on that basis, denies.

16    62.    Defendant lacks sufficient information to admit or deny and, on that

17  basis, denies.

18    63.    Defendant lacks sufficient information to admit or deny and, on that

19  basis, denies.

20    a.    Defendant lacks sufficient information to admit or deny and, on

21  that basis, denies.

22    b.    Defendant lacks sufficient information to admit or deny and, on

23  that basis, denies.

24    c.    Defendant lacks sufficient information to admit or deny and, on

25  that basis, denies.

26    d.    Defendant lacks sufficient information to admit or deny and, on

27  that basis, denies.

28    64.    Deny.

7

65.    Defendant admits that the CBA required Pre-Six Non-Senate Faculty to meet with a mentor during the academic year in which the 9th quarter, 12th quarter, or 6th semester of service in the same department, program, or unit occurred. Defendant further admits that the meeting was conducted by Professor Emeritus Steven Lippman.  Defendant denies this meeting was a "review."

66.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

67.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

68.    Deny.

69.    Deny.

70.    Deny.

71.    Defendant admits that it employed Dr. Al Osborne as head of the Price Center for the UCLA Anderson School of Management.  Defendant denies the remainder.

      a.    Deny.

      b.    Deny.

      c.    Deny.

      d.    Deny.

      e.    Deny.

      f.    Deny.

72.    Deny.

73.    Defendant denies it made such a promise to Plaintiff.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

74.    Deny.

75.    Deny.

76.    Deny.

77.    Deny.

8

78.     Defendant admits that Dr. Osborne and Plaintiff co-lectured during Plaintiff's employment with UCLA.

79.     Defendant admits that Dr. Osborne and Plaintiff co-lectured during Plaintiff's employment with UCLA.  Defendant denies the remainder.

80.     Defendant admits that Dr. Osborne and Plaintiff co-lectured during Plaintiff's employment with UCLA.  Defendant denies the remainder.

81.     Deny.

82.     Defendant admits it had access to student reviews and direct observation of Plaintiff's classroom skills.  Defendant denies the remainder, and specifically denies that any binding promises were made outside the CBA.

83.     Deny.

84.     Deny.

85.     Deny.

86.     Deny.

87.     Deny.

88.     Deny.

89.     Deny.

90.     Defendant admits that Plaintiff was appointed as lecturer for the MGMT 169 course for the Winter 2020 quarter pursuant to the CBA.  Defendant denies the remainder.

91.     Deny, as no contract existed between Defendant and Plaintiff other than the controlling CBA that Plaintiff's employment was subject to.

92.     Deny.

93.     Deny.

94.     Deny.

      a.     Deny.

      b.     Defendant admits that students were required to complete a classroom portion of their coursework.  Defendant denies the remainder.

9

      c.     Defendant admits that students were required to complete homework as part of their coursework. Defendant denies the remainder.

95.   Deny.

96.   Deny.

97.   Deny.

98.   Deny.

99.   Deny.

100.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

101.   Deny.

102.   Deny.

103.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

104.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

105.   Defendant denies that it was in any employment or contractual relationship with Plaintiff other than the employment relationship dictated by the CBA. Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

106.   Defendant denies, and specifically denies that it was in any employment or contractual relationship with Plaintiff other than the employment relationship dictated by the CBA.

107.   Deny.

108.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

109.   Deny.

110.   Deny.

111.   Deny.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

112. Deny.

113. Deny.

114. Deny.

**PLAINTIFF ACCOMPLISHMENTS TEACHING IN THE UME**

115. Defendant lacks sufficient information to admit or deny and, on that basis, denies.

116. Deny.

117. Deny.

118. Deny.

    a.    Defendant admits that Plaintiff submitted a course for approval titled "Entrepreneurial Strategy and the Law." Defendant denies the remainder.

    b.    Deny.

    c.    Deny.

    d.    Admit.

    e.    Deny.

119. Defendant lacks sufficient information to admit or deny and, on that basis, denies.

120. Defendant denies that Plaintiff had unparalleled student rankings in excellence among cohorts of undergraduate students or that his rankings were remarkable. Defendant admits that Plaintiff was a provocative faculty member.

    a.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

    b.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

    c.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

    d.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

11

**DISCUSSIONS & DEAN COMPLAINT FOR BEING <u>TOO RIGOROUS</u>**

121.   Defendant admits that Plaintiff was not without any imperfections, particularly regarding the difficulty of his exams.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

122.   Defendant denies that students generally awarded Plaintiff not with complaints but with accolades, including for the "slave trade" thought exercise. Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

123.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

**ADDITIONAL CONTRIBUTIONS TO UCLA**

124.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

125.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

126.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

**NSF 18 PERFORMANCE REVIEW PROCESS**

127.   Admit.

a.     Admit that faculty members were required to pass an "excellence review" in order to obtain continuing status.

b.     Admit that faculty members would achieve a continuing appointment if they passed the "excellence review" and if there was an instructional need, as defined by the CBA.

128.   Deny.

129.   Defendant admits that it hired Plaintiff for a 19th quarter pursuant to the terms of the CBA.  Defendant denies the remainder.

130.   Defendant admits that its excellence review pursuant to the CBA is

1    intended to be reasonable.  Defendant denies the remainder.

2    131.    Defendant admits its Ad Hoc Committee recommended Plaintiff's

3    promotion on a 3-0 vote.  Defendant admits the Staffing Committee recommended

4    Plaintiff's promotion on a 4-1 vote.  Defendant denies the remainder.

5    132.    Defendant admits Faculty Research Director Olav Sorenson

6    recommended Plaintiff's promotion in a June 7, 2022 letter.  Defendant denies the

7    remainder.

8    **DEFENDANT RELIES UPON NEGATIVE COMMENTS ABOUT JEWISH
    BACKGROUND**

9    133.    Deny.

10   134.    Defendant lacks sufficient information to admit or deny and, on that

11   basis, denies.

12   a.    Defendant lacks sufficient information to admit or deny and, on

13   that basis, denies.

14   b.    Defendant lacks sufficient information to admit or deny and, on

15   that basis, denies.

16   c.    Defendant lacks sufficient information to admit or deny and, on

17   that basis, denies.

18   d.    Defendant lacks sufficient information to admit or deny and, on

19   that basis, denies.

20   e.    Defendant lacks sufficient information to admit or deny and, on

21   that basis, denies.

22   f.    Defendant lacks sufficient information to admit or deny and, on

23   that basis, denies.

24   135.    Deny.

25   136.    Deny.

26   137.    Defendant lacks sufficient information to admit or deny whether

27   Plaintiff's educational and professional accomplishments were always combined

28

with his leadership in and prolific advocate of Jewish life.  The remainder contains a legal conclusion to which Defendant is not required to respond, but to the extent a response is required, Defendant denies.

138.   Deny.

139.   Paragraph 139 contains a speculative conclusion which Defendant is unable to admit or deny.

140.   Deny.

**DEFENDANT REVIEW DELAYS SPAWNS FURTHER BAD FAITH ACTS**

141.   Deny.

142.   Deny.

143.   Defendant admits that fewer students would mean fewer classes for tenured faculty, who were contractually guaranteed teaching positions, and that this would mean fewer classes would be available for the existing faculty if they were to promote Plaintiff.  Defendant denies the remainder.

144.   Deny.

145.   Deny.

146.   Defendant admits it conducted a faculty review of Plaintiff in December of 2022.  Defendant denies the remainder.

147.   Deny.

148.   Deny.

a.   Deny.

b.   Deny.

c.   Deny.

d.   Deny.

e.   Deny.

f.   Deny.

g.   Deny.

h.   Deny.

i.    Deny.

j.    Deny.

k.    Deny.

l.    Deny.

m.    Deny.

**DEFENDANT CONTRACTS WITH PLAINTIFF OUTSIDE OF THE REVIEW**

149.    Defendant admits that Plaintiff was appointed to teach the "Social Entrepreneurship" class in the Winter 2023 quarter.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

150.    Defendant admits that it revised Plaintiff's appointment to include the Social Entrepreneurship course in the Winter 2023 quarter.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

151.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

152.    Defendant lacks sufficient information to admit or deny and, on that basis, denies.

153.    Deny.

154.    Defendant admits that Plaintiff agreed to teach the Social Entrepreneurship course pursuant to the CBA.  Defendant denies the remainder.

a.    Deny.

b.    Deny.

c.    Deny.

d.    Defendant admits that Plaintiff would have received all typical benefits of an employee such as access to school technology, campus facilities, his employment benefits, and timely payment during the Winter 2023 quarter and beyond so long as the parties' employment relationship continued pursuant to the CBA.  To the extent Plaintiff alleges this agreement was based on anything other

15

than the CBA, Defendant denies.

155.   Defendant admits that select unionized faculty members transition to Adjunct Faculty at the UCLA Anderson School of Management.  Defendant denies the remainder.

156.   Deny.

157.   Defendant admits that it appointed Plaintiff as a lecturer for the Winter 2023 quarter.  Defendant denies the remainder.

158.   Deny.

a.     Defendant denies Plaintiff performed any agreed-on work for Defendant outside the controlling CBA.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

b.     Deny.

c.     Defendant lacks sufficient information to admit or deny and, on that basis, denies.

d.     Deny.

e.     Deny.

f.     Defendant lacks sufficient information to admit or deny and, on that basis, denies.

g.     Defendant lacks sufficient information to admit or deny and, on that basis, denies.

159.   Deny.

160.   Deny.

**PERFORMANCE UNDER THE JAN. 2023 CONTRACT OUTSIDE THE CBA**

161.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

a.     Defendant lacks sufficient information to admit or deny and, on that basis, denies.

b.      Defendant lacks sufficient information to admit or deny and, on that basis, denies.

c.      Defendant lacks sufficient information to admit or deny and, on that basis, denies.

d.      Defendant lacks sufficient information to admit or deny and, on that basis, denies.

e.      Defendant lacks sufficient information to admit or deny and, on that basis, denies.

f.      Defendant lacks sufficient information to admit or deny and, on that basis, denies.

162.   Defendant denies the parties were in an employment or contractual relationship other than the one controlled by the CBA.  Defendant lacks sufficient information to admit or deny the remainder and, on that basis, denies.

163.   Defendant admits that it marketed its courses.  Defendant denies the remainder.

164.   Deny.

a.      Defendant admits that it did not provide Plaintiff with future opportunities to teach at UCLA.  Defendant denies the remainder.

b.      Defendant lacks sufficient information to admit or deny and, on that basis, denies.

c.      Deny.

d.      Deny.

e.      Deny.

### ADVERSE EMPLOYMENT ACTION NOTICE

165.   Defendant admits that Plaintiff met with Faculty Chairman Sanjay Sood on or about January 18, 2023 to discuss his faculty review.  Defendant denies the remainder.

166.   Deny.

167.   Defendant admits that on or about February 22, 2023, Chairman Sood informed Plaintiff by phone call that he would not be reappointed as continuing lecturer.  Defendant denies the remainder.

168.   Deny.

169.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

170.    Defendant lacks sufficient information to admit or deny that Chairman Sood stated that Dean Bernardo had only made the decision that prior weekend and that there was no further information to be shared and, on that basis, denies. Defendant denies the remainder.

171.   Admit.

172.   Deny.

173.   Deny.

174.   Deny.

**DEFENDANT SHUTS DOWN EMPLOYMENT DURING CLASS CAUSING STUDENT "DON'T POACH COACH" PROTEST MARCH ON DEAN'S OFFICE**

175.   Deny.

176.   Defendant admits that Plaintiff was teaching through the Winter 2023 quarter which included multiple class sessions in March 2023, proctoring a final exam, grading exams, giving grades for the class, and addressing student concerns. Defendant denies the remainder.

177.   Deny.

178.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

179.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

180.   Defendant lacks sufficient information to admit or deny and, on that

18

basis, denies.

181.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

182.   Deny.

183.   Deny.

**UNION REFUSED TO PRESS CLAIMS ABOUT NON-CONTRACTUAL WORK**

184.   Admit.

185.   Deny.

186.   Deny.

187.   Deny.

**DEFENDANT ACCRUED EXCESSIVE VALUE FROM PLAINTIFF OUTSIDE OF DEFENDANT'S VIEW OF A CONTRACT**

188.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

189.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

190.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

191.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

192.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

193.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

194.   Defendant lacks sufficient information to admit or deny and, on that basis, denies.

195.   Deny.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**PLAINTIFF EXPERIENCED DAMAGE DUE TO DEFENDANT'S ACTIONS**

196.  Deny.

    a.  Deny.

    b.  Deny.

    c.  Deny.

    d.  Deny.

197.  Deny.

198.  Deny.

## <u>FIRST CAUSE OF ACTION</u>

**(Discrimination Based on Religion in Violation of Title VII of the Civil Rights Act of 1964. )**

199.  Paragraph 199 contains a conclusion which requires no response.  To the extent a response is required, deny.

200.  Admit.

201.  Defendant lacks sufficient information to admit or deny and, on that basis, denies.

202.  Deny.

203.  Defendant admits it did not renew Plaintiff's employment with UCLA. Defendant denies the remainder.

    a.  Admit.

    b.  Deny.

    c.  Deny.

    d.  Deny.

    e.  Deny.

    f.  Deny.

    g.  Deny

    h.  Deny.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    i.    Deny.

2    j.    Deny.

3    k.    Deny.

4    l.    Deny.

5    204.   Deny.

6    205.   Deny.

7    206.   Deny.

8    **SECOND CAUSE OF ACTION**

9    **(Discrimination Based on National Origin in Violation of Title VII of the Civil**

10    **Rights Act of 1964)**

11    207.   Paragraph 207 contains a conclusion that requires no response.  To the

12    extent a response is required, deny.

13    208.   Defendant lacks sufficient information to admit or deny and, on that

14    basis, denies.

15    209.   Deny.

16    210.   Deny.

17    211.   Deny.

18    212.   Deny.

19    **THIRD CAUSE OF ACTION**

20    **(Discrimination Based on Religion in Violation of the California Fair**

21    **Employment and Housing Act)**

22    213.   Paragraph 213 contains a conclusion that requires no response.  To the

23    extent a response is required, deny.

24    214.   Admit.

25    215.   Paragraph 215 contains a legal conclusion that requires no response.

26    216.   Deny.

27    217.   Deny.

28    218.   Deny.

21

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

**FOURTH CAUSE OF ACTION**

2

**(Discrimination Based on National Origin in Violation of the California Fair**

3

**Employment and Housing Act)**

4

219.   Paragraph 219 contains a conclusion that requires no response.  To the

5

extent a response is required, deny.

6

220.   Paragraph 220 contains a legal conclusion that requires no response.

7

221.   Deny.

8

222.   Deny.

9

223.   Deny.

10

**FIFTH CAUSE OF ACTION**

11

**(Breach of MGMT 169 CONTRACT and UNILATERAL MODIFICATION,**

12

**Breach of JANUARY 2023 CONTRACT, and BREACH OF FLAWED**

13

**EXPRESS CONTRACTS)**

14

224.   Paragraph 224 contains a conclusion that requires no response.  To the

15

extent a response is required, deny.

16

225.   Deny.

17

226.   Deny.

18

227.   Deny.

19

228.   Deny.

20

229.   Deny.

21

230.   Deny.

22

231.   Deny.

23

232.   Deny.

24

233.   Deny.

25

234.   Deny.

26

235.   Deny.

27

236.   Deny.

28

237.   Defendant lacks sufficient information to admit or deny and, on that

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

basis, denies.

238.  Defendant lacks sufficient information to admit or deny and, on that basis, denies.

239.  Deny.

240.  Deny.

241.  Deny.

242.  Deny.

243.  Deny.

244.  Deny.

245.  Defendant lacks sufficient information to admit or deny and, on that basis, denies.

246.  Defendant lacks sufficient information to admit or deny and, on that basis, denies.

247.  Deny.

248.  Deny.

249.  Deny.

250.  Deny.

251.  Paragraph 251 contains a legal statement which requires no response. To the extent a response is required, deny.

252.  Defendant denies that it acted in bad faith, and additionally denies the remainder.

253.  Deny.

254.  Deny.

255.  Deny.

256.  Paragraph 256 contains a legal statement which requires no response. To the extent a response is required, deny.

257.  Deny.

258.  Deny.

## SIXTH CAUSE OF ACTION

### (Fraudulent Inducement in the Alternative)

259.    Paragraph 259 contains a conclusion which requires no response.  To the extent a response is required, deny.

260.    Deny.

261.    Paragraph 261 contains a legal conclusion which requires no response.  To the extent a response is required, deny.

262.    Deny.

263.    Deny.

264.    Deny.

265.    Deny.

266.    Deny.

267.    Deny.

268.    Deny.

269.    Deny.

## SEVENTH CAUSE OF ACTION

### (Misrepresentation Leading To Loss of Social Service in the alternative)

270.    Paragraph 270 contains a conclusion which requires no response.  To the extent a response is required, deny.

271.    Deny.

272.    Deny.

273.    Deny.

274.    Defendant admits that providing education as a public university provides a benefit to society.  Defendant denies the remainder.

275.    Deny.

276.    Deny.

277.    Deny.

278.    Deny.

1      279.  Deny.

2      280.  Deny.

3      281.  Deny.

4      282.  Deny.

5      283.  Deny.

6      **<u>EIGHTH CAUSE OF ACTION</u>**

7      **(Equitable Estoppel *in the alternative*)**

8      284.  Paragraph 284 contains a conclusion that requires no response.  To the

9 extent a response is required, deny.

10     285.  Defendant admits that it is a statutory corporation under article IX,

11 section 9 of the California Constitution and that it has authority to contract and hire

12 personnel within its statutory rights.  Defendant denies the remainder.

13     286.  Deny.

14     287.  Deny.

15     288.  Deny.

16     289.  Deny.

17       a.    Defendant admits Plaintiff developed the MGMT 169 hybrid

18 syllabus.  Defendant denies the remainder and that he did so in reliance on any

19 promise outside the CBA.

20       b.    Defendant admits Plaintiff rewrote the Social Entrepreneurship

21 syllabus.  Defendant denies the remainder and that he did so in reliance on any

22 promise outside the CBA.

23       c.    Defendant lacks sufficient information to admit or deny

24 Plaintiff's actions and, on that basis, denies.

25       d.    Deny.

26     290.  Deny.

27     291.  Defendant admits it did not renew Plaintiff's employment in February

28 of 2023.  Defendant denies the remainder.

292.   Paragraph 292 contains a legal conclusion that requires no response. To the extent a response is required, deny.

## NINTH CAUSE OF ACTION

### (Unjust Enrichment In the Alternative)

293.   Paragraph 293 contains a conclusion that requires no response. To the extent a response is required, deny.

294.   Paragraph 294 contains a conclusion that requires no response. To the extent a response is required, deny.

295.   Deny.

296.   Deny.

297.   Deny.

## PRAYER FOR RELIEF

Responding to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff has been damaged in any amount or is entitled to any of the relief requested in the Prayer, or in any subparts.

## AFFIRMATIVE DEFENSES

For a further and separate answer to the allegations contained in Plaintiff's complaint, Defendant submits the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations, including but not limited to 42 U.S.C. § 2000e-5(e), (f); Cal. Gov. Code §§ 12960(e), 12965(b); and Cal. Code. Civ. Proc. §§ 337, 339(1), 343. Pursuant to United States Code, title 42, section 2000e-5, Plaintiff was required to file his discrimination-based claims in civil court within one year of filing his administrative complaint with the Equal Employment Opportunity Commission. Plaintiff received his right to sue notice on August 8, 2024, but did not file his civil complaint until over one year later, on January 10, 2025.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative or Judicial Remedies)

Plaintiff's claims are barred by reason of the fact that he has failed to exhaust all administrative or judicial remedies.

In accordance with the Memorandum of Understanding governing Plaintiff's employment with Defendant, Plaintiff was required to file a grievance with his union within 30 days on the date which he knew or could have known of the action which gave rise to the grievance. Plaintiff first had knowledge of the action on February 16, 2023, but did not file his grievance until March 20, 2023, rendering it untimely.

Pursuant to grievance procedure, and in accordance with the Memorandum of Understanding, Plaintiff was then required to appeal the grievance to arbitration within 30 days of Defendant's last day to issue a final response, or April 11, 2024. Plaintiff did not appeal the grievance to arbitration by this deadline.

Additionally, pursuant to California Government Code sections 12960 and 12965, Plaintiff was required to exhaust his administrative remedies with the California Civil Rights Department prior to filing his claims for discrimination in violation of the Fair Employment and Housing Act in state court. Upon information and belief, Plaintiff did not receive a right-to-sue notice from the Civil Rights Department or notification that the Civil Rights Department would initiate civil action.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Defendant is informed and believes that Plaintiff has failed to mitigate his damages for a period of time, and to the extent of such failure to mitigate, any damages awarded to Plaintiff must be reduced accordingly. The specific facts supporting this claim depend on the information received from Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

Plaintiff's fifth cause of action is barred, in whole or in part, because Plaintiff has not performed all necessary conditions under the alleged contracts and thus Defendants were not obligated to perform.

Plaintiff alleges he entered into two contracts with Defendant which required him to meet certain performance expectations.  A Department-wide, multi-level review of Plaintiff's performance determined he did not meet the expectations required for continued employment.

Additionally, pursuant to the Memorandum of Understanding governing Plaintiff's employment, Plaintiff was to perform his anticipated responsibilities at an excellent level.  Plaintiff did not do so.

To the extent additional factual information is required, Defendant points Plaintiff to its Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 033.1).  *See Doe v. Regents of the Univ. of Cal.*, 22-cv-1506, 2024 WL 171387, at *6 (S.D. Cal. Jan. 16, 2024) (defendant's position regarding affirmative defense explained in motion to dismiss was "sufficient to provide fair notice" of defense).

## FIFTH AFFIRMATIVE DEFENSE

### (Material Breach)

Plaintiff's fifth cause of action is barred, in whole or in part, because Plaintiff is in material breach of the alleged contracts and thus, Defendant was not obligated to perform.

Plaintiff alleges he entered into two contracts with Defendant which required him to pass certain performance expectations.  A Department-wide, multi-level review of Plaintiff's performance determined he did not meet the expectations required for continued employment.

Additionally, pursuant to the Memorandum of Understanding governing Plaintiff's employment, Plaintiff was to perform his anticipated responsibilities at an

excellent level.  Plaintiff did not do so.

To the extent additional factual information is required, Defendant points Plaintiff to its Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 033.1).  *See Doe*, 2024 WL 171387, at *6 (defendant's position regarding affirmative defense explained in motion to dismiss was "sufficient to provide fair notice" of defense).

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Plaintiff's fifth cause of action is barred, in whole or in part, by the statute of frauds.  Plaintiff alleges two contracts which, by their terms, were not to be performed within a year from the making thereof.  These contracts were not placed in writing and thus are invalid pursuant to California Civil Code section 1624(a)(1).

## SEVENTH AFFIRMATIVE DEFENSE

### (Parol Evidence Rule)

Plaintiff's fifth cause of action is barred, in whole or in part, by the parol evidence rule.  Plaintiff's employment with Defendant was governed by a Memorandum of Understanding, which was the final and exclusive expression of the parties' agreement.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's damages, if any, under his first through fourth causes of action alleged in the FAC are limited by the doctrine of avoidable consequences. Defendant alleges that it had policies to prevent unlawful discrimination in its workplace, including internal complaint mechanisms that would lead to prompt, effective remedies in the event of a verified complaint of discrimination.  Defendant

alleges that Plaintiff was aware of these policies but failed to utilize them, and thus allegedly suffered from harm that could have been avoided.

## TENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reason)

Plaintiff's first through fourth causes of action are barred, in whole or in part, because at all relevant times, Defendant's actions were taken in the legitimate exercise of official discretion for non-discriminatory reasons.  Any and all conduct by Defendant about which Plaintiff complains was justified under the circumstances as having been a function of reasonable and lawful decisions and judgment.  At all times, Defendant acted within the scope of its discretion, in good faith, for legitimate business reasons, with due care and without malice, and pursuant to applicable policies, procedures, regulations, and law.  Defendant is, therefore, not liable for any injury or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Governmental Immunities)

Plaintiff's FAC is barred by governmental immunities provided to public entities, including, but not limited to, the immunities provided in California Government Code sections 815, 815.2, 818, 818.8, 820.2, 820.6, 821.6, 822.2, and all relevant subsections.

## TWELFTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment Immunity)

Plaintiff's third, fourth, fifth, eighth, and ninth claims are barred by the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's request for punitive damages is barred by governmental immunities provided to public entities, including but not limited to California Government Code

section 818.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it has additional, as yet unknown, affirmative defenses, and reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

Wherefore, Defendant prays that:

1.    Plaintiff takes nothing by way of Plaintiff's FAC;

2.    For reasonable attorneys' fees incurred in defending this suit, pursuant to 29 U.S.C. § 794, Rule 11 of the Federal Rules of Civil Procedure, and any other applicable provision of law;

3    Judgment be entered in this action in favor of Defendant; and

4.    For such other and further relief as the court deems just and proper.

Dated:  August 22, 2025          QUARLES & BRADY LLP


By:    _/s/ Matthew W. Burris_
       SANDRA L. McDONOUGH
       MATTHEW W. BURRIS
       KELLY M. BUTLER
       Attorneys for THE REGENTS OF THE
       UNIVERSITY OF CALIFORNIA

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT