UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | CV 25-00262-JFW (ASx) | Date | February 5, 2026 |
|---|---|---|---|
| Title | Edward Coach Weinhaus v. Regents of the University of California | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | Not reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Edward Weinhaus, *pro se* | | Matthew Burris |
| | | Kelly Butler |

**Proceedings (In Chambers):**      **ORDER RE INFORMAL DISCOVERY CONFERENCE (DKT. NO. 57)**

At the parties' request, the Court held an informal discovery conference, ("IDC"), by video teleconference, on February 3, 2026. At issue is Plaintiff's Request for Production of Documents ("RFP") Nos. 1-7, and responses to Interrogatory Nos. 3-4. The discovery requests involve a search, using Plaintiff's proposed terms, of various email accounts. The parties disagree about the scope of the search for responsive records, the relevance of Plaintiff's request and the burden to Defendant from undertaking the requested searches.

Defendant contends that because the First Amended Complaint ("FAC") includes general allegations of religious discrimination and breach of contract related to Plaintiff's employment at UCLA's Anderson School of Management ("UCLA Anderson"), and identifies only UCLA Anderson faculty, administrators, Plaintiff's requests for documents that encompass searches of email accounts and personnel files across UCLA and the entire UC system are overbroad, not relevant and proportional, and unduly burdensome. Plaintiff maintains that a search for records throughout the UC system and UCLA is appropriate because he was employed by UCLA, taught courses to undergraduate students that were not part of UCLA Anderson, and his application for promotion had to approved at the UCLA level. Defendant claims of burden are supported by declarations from Kelly Anders and Leonid Balaban and the Court finds that a search encompassing email accounts across UCLA and the entire UC System are not only overbroad and not proportional, but also unduly burdensome.

The parties disagree regarding the temporal scope of Plaintiff's requests. Plaintiff seeks the production of documents encompassing the period beginning with his employment – from August 1, 2016, to the present, while Defendant contends that discovery production should be limited to the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| No. | CV 25-00262-JFW (ASx) | Date | February 5, 2026 |
|---|---|---|---|
| Title | Edward Coach Weinhaus v. Regents of the University of California | | |

period of Plaintiff's employment, from August 1, 2016, to February 22, 2023, and for some requests, the production of records should be limited to the years 2022 to 2023.

The Court, having reviewed the parties' submission in support of the IDC request and considered the arguments made at the hearing, issues the following Order:

RFP Nos. 1 and 2, request the production of documents and communications that contain Plaintiff's proposed 33 search terms, to include any statements or written or oral communications (1) by any person concerning any of the matters alleged in the complaint, (RFP No. 1); and (2) that include the term "Weinhaus" or "coachw" [to include Plaintiff's] entire archive of emails in his UCLA email account] from 2015 [ ] until the present. (RFP No. 2).  Defendant objects to these requests as facially overbroad and unduly burdensome, explaining that the requested search involves 33 specific terms in the email accounts of approximately 280,000 employees of the University of California and approximately 50,000 employees at UCLA – a search that would literally take years to complete.  As set forth above, the Court finds that Defendant has met its burden to show that the requests are unduly burdensome. Defendant proposes narrowing RFP Nos. 1 and 2 to a search of the email accounts of the three individuals named in the FAC: Prof. Sanjay Sood, Prof. Olav Sorenson, and Prof. Antonio Bernardo for the time period August 1, 2016, to February 22, 2023. Plaintiff requests that the search for responsive records include, in addition to the three individuals named in the FAC,  the approximately 24 witnesses identified in the parties' initial disclosures and the 45 faculty members who voted on Plaintiff's application for promotion from lecturer to initial continuing lecturer.  After hearing from the parties, the Court grants RFP Nos. 1 and 2 in part:  RFP Nos. 1 and 2 are limited to a search, using Plaintiff's search terms,  of the email accounts of the three individuals named in the FAC, the 24 witnesses identified in the parties' initial disclosures and the 45 faculty members who voted on Plaintiff's application. The search for terms that identify, reflect, or relate to Plaintiff's Jewish identity and the search term "Weinhaus" and "coachw" will be limited to the years 2022-2023; The search for the remaining terms will be for the period 2017 to February 22, 2023.

RFP Nos. 3 and 5 seek a list Non Senate Faculty ("NSF") 18 Lecturers and Continuing Lecturers from August 1, 2016 to the present at each of the UC campuses (RFP No. 3),  and at UCLA (RFP No. 5). Defendants object on grounds of relevance asserting that whether any lecturer was eventually appointed to Continuing Lecturer by a different UCLA dean in a different UCLA department, school or college, or at any other UC institution is not relevant to this lawsuit.  The Court agrees. RFP Nos. 3 and 5 are granted in part:  The Court limits RFP Nos. 3 and 5 to a list of NSF 18 Lecturers and Continuing Lecturers for UCLA Anderson from 2016 to the present.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 25-00262-JFW (ASx) | Date | February 5, 2026 |
|---|---|---|---|
| Title | Edward Coach Weinhaus v. Regents of the University of California | | |

RFP No. 4 seeks all documents and communications related to, and including but not limited to, any statement by, or written or oral communications with, any person concerning the discussion of any Jewish issues (to include issues surrounding Israel) as it relates to personnel issues of staff of any type (faculty including but not limited to Lecturers, Ladder, Adjunct, Research, etc., non-faculty, etc.) from August 1, 2016 to the present. Defendant objects to this request as overbroad and disproportionate to the needs of this case, explaining that the request would require a separate search of each of the personnel files of UCLA's approximately 5,464 faculty members for the 15 specific terms proposed by Plaintiff related to "Jewish issues." Defendant also contends that Plaintiff has failed to show that his need for this information outweighs the privacy interests of the staff members whose personnel files would be searched. Plaintiff suggests limiting the search to the personnel files of 78 individuals who authored an open letter to the Regents addressing their grievances. After hearing from the parties, and for the reasons stated at the hearing, the Court denies RFP No. 4 without prejudice. The parties are directed to meet and confer regarding the privacy rights for the individuals whose personnel records will be subject to search and whether Plaintiff's request is relevant to proving Plaintiff's claims.

RFP No. 6 seeks a list of all lawsuits and charges by any persons concerning discrimination against faculty of any protected class under federal or state law(other than exclusively age) from August 1, 2016 to the present. Defendant objects to this request on grounds of relevance and proportionality. At the hearing, Defendant asserted that it did not maintain a list of lawsuits filed and that such information is a matter of public record that is equally available to the Plaintiff. Defendant proposes to narrow this request to any formal lawsuits and non-public administrative charges made by any person against Antonio Bernardo, the final decisionmaker regarding Plaintiff's application from August 1, 2016, to February 22, 2023. The Court finds this proposal to be proportional and relevant to Plaintiff's claims. So construed, RFP No. 6 is granted in part.

At the hearing, Defendant informed the Court that it will respond to RFP No. 7.

Neither party submitted the relevant text of Plaintiff's interrogatory Nos. 3-4 in their submissions to the Court. These requests seek a damages calculation and budget information. Defendant agreed to provide the budget and related documents pertaining to the undergraduate minor and three undergraduate courses taught by Plaintiff. The parties are directed to meet and confer regarding Plaintiff's request for additional information regarding these requests.

Consistent with this Order, Defendant's responses are due no later than February 24, 2026. Defendant is directed to file a declaration, no later than February 24, 2026, regarding its assertion that Plaintiff's employment was limited to UCLA Anderson, taking into account Plaintiff's claim that he

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | CV 25-00262-JFW (ASx) | Date | February 5, 2026 |
|---|---|---|---|
| Title | Edward Coach Weinhaus v. Regents of the University of California | | |

taught undergraduate courses that were not part of UCLA Anderson. The parties must jointly request the entry of a protective order consistent with the template on the Court's procedure page.

Counsel are reminded that the scheduling order issued in this case sets a discovery cut-off date of May 11, 2026, notes that this is the date by which all discovery, including expert discovery, must be completed and directs motions challenging the adequacy of discovery responses to be calendared sufficiently in advance of this date in order to permit the responses to be obtained if the motion is granted. (Dkt. No. 42 at 2-3).

**IT IS SO ORDERED.**

cc:   John F. Walter
      United States District Judge