SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
LUCY J. PERITZ (SBN 356324)
lucy.peritz@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA


EDWARD "COACH" WEINHAUS, ESQ.
eaweinhaus@gmail.com
11500 Olive Blvd Suite 133
Creve Coeur, MO, 63141
Telephone: 314-580-9580

Plaintiff in *Pro Per*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Defendant. | Case No. 2:25-cv-00262 JFW (ASx)<br><br>**JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE**<br><br>Judge: Hon. John F. Walter<br>Mag. Judge: Hon. Alka Sagar<br>Crtrm.: 7A<br>Trial Date: September 15, 2026 |

1

JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE

Plaintiff Edward "Coach" Weinhaus ("Plaintiff") and Defendant The Regents of the University of California ("Defendant") (collectively, the "Parties") hereby submit this Joint Statement of Conference regarding Defendant's Motion for Summary Judgment, or Partial Summary Judgment in compliance with Local Rule 7-3 and Paragraph 5(b) of this Court's Standing Order:

1.      On April 17, 2026, counsel for Defendant sought to schedule a meet and confer with Plaintiff regarding Defendant's upcoming Motion for Summary Judgment ("MSJ").

2.      On April 22, counsel for Defendant again sought to schedule a meet and confer with Plaintiff.  Counsel for Defendant also provided a written outline of Defendant's upcoming motion for summary judgment.

3.      On April 22, Plaintiff's counsel responded and proposed the parties meet and confer on Friday, May 1 on a variety of issues, due to his travelling schedule.  Counsel for both Parties agreed to meet and confer on April 24, 2026, at 9am.

4.      On April 24, counsel for the Parties met and conferred regarding Defendant's Motion for Summary Judgment.  Counsel for Defendant is located in the Southern District of California, and Plaintiff was then located in Missouri.  Accordingly, the Parties met and conferred via teleconference, which lasted approximately an hour and 15 minutes.

5.      During the April 24 teleconference, the Parties discussed the following positions:

a.      **<u>Weinhaus' Title VII Claims Are Untimely</u>**

i.      <u>Defendant's Position</u>: Weinhaus received the EEOC's notice of dismissal on August 8, 2024.  This gave him a deadline of November 16, 2024, to file his complaint in civil court.  42 U.S.C. § 2000e-5(f)(1).  He did not do so until January 10, 2025.  While Weinhaus attached to his complaint a second EEOC notice of dismissal with a date of October 15, 2024, Ninth Circuit precedent

JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE

holds that the EEOC does not have statutory authority to issue two right to sue notices, making the second notice void.

ii.    Plaintiff's Position:

Plaintiff reiterates that the "precedent" proposed by Defendant was not provided in advance of the conference. Insomuch as it was the same precedent the *Cleveland* case, Plaintiff makes the same argument as in ECF #26 and to which Defendant offered no counter nor offered that there was evidence to counter that argument. Further, if the Defendant intends to argue that the *Cleveland* case stands for something it does not, and then applies that false holding here, Plaintiff believes such a proposition before the Court will be subject to Rule 11 review about which Plaintiff will make a future decision. Defendant's current position is that the EEOC did something it is statutorily not allowed to do while Plaintiff's claims were still active. They then contend that Plaintiff's reliance on the EEOC's wrongdoing *while his claims were still live* defeats his claim. That is facially absurd for the reasons laid out in ECF #26. Defendant has no case law and no application of it that says so and is purposely wasting valuable resources.

b.    **Weinhaus Cannot Establish a *Prima Facie* Case of Discrimination**

i.    Defendant's Position: First, Weinhaus was not performing competently in his position.  Weinhaus was not teaching at the excellence level expected at UCLA.  This is an academic judgment to which courts provide great deference.  Second, even if Weinhaus could show he was performing competently, he cannot show that he was denied appointment to a Continuing Lecturer position because of his Jewish identity.  Weinhaus' only evidence of discriminatory circumstances are the comments made by one student reviewer in his excellence review, who explained that Weinhaus referred to himself as "the hardest drinking Jew in Chicago," and that Weinhaus taught lessons through Old Testament examples.  Weinhaus cannot identify any other negative conduct or comments by

3

anyone at UCLA about his Jewish identity.  Moreover, Weinhaus admits that he did call himself "the hardest drinking Jew in Chicago."  The student was merely repeating Weinhaus' own self-description to provide an example of the "sheer ridiculous nature" of Weinhaus' class.  This is not enough to raise an inference of discriminatory animus.

ii.    Plaintiff's Position:

Defendant's claim about Weinhaus not performing competently at his position is both evidenced to be false and a matter of open discovery for which Plaintiff's depositions of his witnesses, should Defendant produce even its PMK witness under Rule 30(b)(6) previously noticed, will further attest beyond the discovery. Defendant misstates Plaintiff's position which is spelled out in the Complaint. The academic judgment Defendant refers specifically relied on discriminatory conduct, discriminatory statements, subjecting Weinhaus to less protection precisely because he is Jewish than other protected classes would have received.

c.    **UCLA Had Legitimate Non-Discriminatory Reasons for its Actions**

i.    Defendant's Position: Even if Weinhaus could establish a *prima facie* case, UCLA can show that it had a legitimate, non-discriminatory reason for not appointing Weinhaus to continuing lecturer.  As explained above, Weinhaus was offensive, unprofessional, disrespectful in class, and his courses were not rigorous enough.  Weinhaus may believe UCLA made a mistake in not promoting "the best undergraduate faculty member they had in entrepreneurship" to Continuing Lecturer, but a mistaken decision does not mean that UCLA's decision was discriminatory.

ii.    Plaintiff's Position:

Defendant cannot produce evidence that supports its factual statements. Plaintiff, if Defendant's provide their PMK Rule 30(b)(6) witness for deposition testimony (see above), will also adduce evidence to rebut them as objectively unreasonable. Even if

Defendant sought to make this claim, the reasons Defendant cites are pretextual reasons drummed up precisely because they had treated his Jewish background as not worthy of protection then sought to cover up that discrimination.

### d. **Weinhaus' Failed to Exhaust his Contractual and/or Administrative Remedies**

i.    Defendant's Position: To the extent he complains about his employment as a Lecturer and the failure to obtain Initial Continuing Lecturer status, his employment was solely governed by the CBA applicable to Unit 18 Lecturers.  That CBA required he grieve any contractual issues within 30 days of having notice of any alleged violation.  He did not, and his claims are barred now.

ii.    Plaintiff's Position:

Plaintiff posits that the CBA controlled the review process only until the 18th Quarter and did not control contracts outside the CBA, or contracts subsequent to the 18th Quarter. Defendants can adduce no evidence to the contrary making this issue unfit for Summary Judgment. Nobody has produced a contract between the union and the Defendants showing that the 19th Quarter as covered by any valid CBA.

### e. **Weinhaus' Alleged Non-Lecturer Employment Would Have Been Governed by Statute, not Contract**

i.    Defendant's Position: To the extent he alleges a breach of oral contracts, Weinhaus' employment would have been governed by statute, and not contract.  Courts, therefore, may dismiss a public employee's breach of contract claims, and any claims based on the existence of an individual employment contract.

ii.    Plaintiff's Position:

Plaintiff states this position was not raised at the conference in relation to "governed by statute" and cited no statute there or here. Insomuch as Plaintiff and Defendant addressed this issue in the Motion to Dismiss, Plaintiff reiterates his position therein, noting nothing in discovery evidences otherwise.

f.    **<u>Osborne and Wilson Did Not Have Authority to Enter Into Contracts on Behalf of The Regents</u>**

i.    <u>Defendant's Position</u>: Weinhaus' contract-based claims additionally fail because "no contractual obligation may be enforced against a public agency unless it appears the agency was authorized by the Constitution or statute to incur the obligation; a contract entered into by a governmental entity without the requisite constitutional or statutory authority is void and unenforceable."  Neither Osborne nor Wilson were authorized to enter into an employment contract with Weinhaus.

ii.    <u>Plaintiff's Position</u>: Plaintiff posited that evidence already produced in discovery shows that the opposite is true. Those authorized to contract with him did so in the past with full authority including teaching classes and promising future payment outside of the purported limited statutory authority..

g.    **<u>Parol Evidence Rule Bars Alleged Oral Contracts</u>**

i.    <u>Defendant's Position</u>: The CBA is integrated and intended to be the final expression of the terms and conditions applicable to Weinhaus' employment.  The alleged oral contracts directly contradict the terms of the CBA, which provides specific process for how employment contracts are entered for Unit 18 faculty.  Accordingly, Weinhaus' claims are barred by the parol evidence rule.

ii.    <u>Plaintiff's Position</u>: <u>The CBA is not intended to cover all the contracts between Plaintiff and the parties nor does it state that it does, nor does it state it does for the 19th Quarter, nor does it cover other non-employment contracts. Defendant has pointed to nothing that suggests otherwise nor adduced such information during the incomplete discovery.</u>

h.    **<u>Statute of Frauds Renders Alleged Contracts Unenforceable</u>**

i.    <u>Defendant's Position</u>: Any "agreement that by its terms is not to be performed within a year from the making thereof" is invalid unless "in

writing and subscribed by the party to be charged." It is undisputed that the MGMT 169 Contract and January 2023 Contract were both oral. It is also undisputed that the alleged contracts contemplated performance extending well-beyond one year from formation; the alleged MGMT 169 Contract provided that Weinhaus could teach MGMT 169 as long as it was being offered, and the alleged January 2023 contract provided that the MGMT 169 Contract would be upheld and that Weinhaus' employment included promised future courses into academic year 2023-24. Therefore, the alleged oral contracts are invalid under California law.

### ii.    Plaintiff's Position:

Defendant entirely controlled the length of the contracts which could end any day if Defendant stopped offering the courses in question, particularly MANAGEMENT 169. It was possible to fulfill the Contract in less than a year – i.e.: the course could have been terminated; nothing at execution required that contract to be a year long or longer. Defendant has no answer as to why it could not have simply stopped offering the course, other than Plaintiff's excellence in getting it off the ground, that is.

### i.    **Weinhaus' Unjust Enrichment Claim Fails**

i.    Defendant's Position: The Regents is immune from common law claims, including unjust enrichment. Even if Weinhaus could bring common law claims against The Regents, "[i]t is settled that 'a private party cannot sue a public entity on an implied-in-law or quasi-contract theory, because such a theory is based on quantum meruit or restitution considerations which are outweighed by the need to protect and limit a public entity's contractual obligations.'" Specifically, a "plaintiff cannot sustain a claim against UC Regents for unjust enrichment." This is particularly true if the contract is an oral one.

ii.    Plaintiff's Position:

Plaintiff re-stated and reiterated his position as previously briefed. However, Defendant seems to misunderstand Unjust Enrichment by stating "if the contract

was an oral one." Unjust enrichment does not generally apply if there is a contract. Defendant did not raise the "oral contract" part of Unjust Enrichment in the conference or Plaintiff would have corrected it there. If Defendant has law that states Unjust Enrichment is a valid claim when there is a contract, they have not provided it.

j.      **Weinhaus' Equitable/Promissory Estoppel Claim Fails**

i.      Defendant's Position: Weinhaus cannot identify any "clear and unambiguous" promise for employment.  When asked about the alleged January 2023 Contract, Weinhaus testified, "Well, I don't remember the exact words that [Wilson] would have used."  He could only describe the contract in vague terms. Moreover, Weinhaus cannot show he reasonably relied on the alleged promises.  As explained above, neither Osborne nor Wilson had the authority to enter into a contract on behalf of The Regents, which Weinhaus was presumed to know under state law.  Thus, it was not reasonable for Weinhaus to rely on any alleged promise by Osborne or Wilson.  Additionally, promissory estoppel claims can be brought against a public agency "only in those special cases where the interests of justice clearly require it."  Promissory estoppel cannot be asserted against a public entity to bypass rules that require contracts to be in writing.

ii.     Plaintiff's Position:

Plaintiff does not have an audio recording of the conversation which is not required for an oral contract's validity. Plaintiff alleged and understood enough details and the conduct of the parties further evidenced – both in writing and through action the details of the contract. Plaintiff restates his position about the apparent and explicit authority granted and the conduct of the parties above. This situation will factually be shown to be worthy of promissory estoppel.

k.      **Weinhaus Cannot Seek Punitive Damages Against The Regents**

i.      Defendant's Position: Punitive damages cannot be

JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE

recovered against a public entity such as The Regents.  Whether under state (Cal. Gov't Code § 818) or federal law (Section 1983), punitive damages cannot be awarded against a public entity.

ii.    Plaintiff's Position:

Plaintiff agreed to drop the punitive damages claim.

6.    The Parties were unable to resolve their differences as to Plaintiff's lawsuit, for the reasons set forth above.

Dated:  April 28, 2026                    QUARLES & BRADY LLP

By:    _____/s/ Lucy J. Peritz_____
SANDRA L. McDONOUGH
MATTHEW W. BURRIS
LUCY J. PERITZ
Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

Dated:  April 28, 2026

By:    ___/s/Edward "Coach" Weinhaus___
EDWARD "COACH" WEINHAUS
Plaintiff in *Pro Per*

JOINT STATEMENT OF LOCAL RULE 7-3 CONFERENCE