SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
LUCY J. PERITZ (SBN 356324)
lucy.peritz@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

EDWARD "COACH" WEINHAUS, ESQ.
eaweinhaus@gmail.com
11500 Olive Blvd Suite 133
Creve Coeur, MO, 63141
Telephone: 314-580-9580

Plaintiff in *Pro Per*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD "COACH" WEINHAUS, <br><br> Plaintiff, <br><br> v. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Defendant. | Case No. 2:25-cv-00262 JFW (ASx) <br><br> **JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE** <br><br> Judge:     John F. Walter <br> Mag. Judge:  Alka Sagar <br> Crtrm.:    7A <br> Trial Date:  9/15/26 8:30 AM |

Plaintiff Edward "Coach" Weinhaus ("Plaintiff") and Defendant The Regents of the University of California ("Defendant") (collectively, the "Parties") hereby submit this Joint Statement of Conference regarding Plaintiff's Motion To Extend Deadlines pursuant to the Court's Scheduling Order ECF #42. in compliance with Local Rule 7-3 and Paragraph 5(b) of this Court's Standing Order:

      1.    On April 24, 2026, Counsel for the Parties met and conferred for

---

JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE

multiple issues including Defendant's forthcoming Motion for Summary Judgment, Plaintiff's Deposition Scheduling, Defendant's responses to Plaintiff's Discovery, and Plaintiff's request to extend deadlines on April 22, 2026.

2.     Counsel for Defendant is located in the Southern District of California, and Plaintiff was located in Missouri.  Accordingly, the Parties met and conferred via teleconference, which lasted approximately an hour and 15 minutes.

3.     During the April 24 teleconference, the Parties discussed the following positions:

a.     According to Plaintiff, he pursued multiple discovery conferences prior to requesting an informal discovery proceeding with Judge Sagar related to, at least, Defendant having produced no additional documents to Plaintiff's September 20, 2025 Discovery Requests which resulted in Judge Sagar issuing a discovery order two days after the February 3, 2026 hearing mandating a discovery deadline of February 24, 2026, which was submitted incompletely according to Defendant's statement to the court.

i.     <u>Plaintiff's Position</u>: Please see ECF ##57, 58, 59 and Exhibit A (Ms. Butler's Submission to Judge Sagar).

ii.     <u>Defendant's Position</u>: Plaintiff has made no diligent effort to pursue discovery in this matter.  In early 2026, the parties agreed to attend an informal discovery conference with Judge Sagar to resolve the discovery dispute arising from Plaintiff's overbroad discovery requests, including requests for production of documents that would have taken years to complete, and requests that were difficult to understand and, once explained, unduly burdensome to The Regents. In her Order following the discovery conference, Judge Sagar agreed with The Regents that five of six requests in dispute were overbroad and unduly burdensome, and limited these requests. She ordered the parties to meet and confer as to the remaining sixth request, directed Defendant to provide its responses by February 24, 2026, and also to provide a declaration regarding Plaintiff's

2

employment within UCLA.

While Judge Sagar reduced the number of email custodians from whom Plaintiff sought documents from approximately 280,000 to 72, the subsequent search using Plaintiff's search terms remained overbroad and unduly burdensome. Still, The Regents worked diligently and completed production of documents relating to Plaintiff's Jewish identity by February 24, 2026. For the remaining performance-related documents, The Regents informed Judge Sagar as to its progress and stated it intended to meet and confer with the Plaintiff regarding the search terms it identified as problematic and to complete the document production. Plaintiff did not respond to The Regents' update to Judge Sagar.

The Regents then requested to meet and confer on this issue with Plaintiff in emails dated March 4, March 6, and March 10.  Plaintiff did not respond or agree to meet and confer.  Accordingly, on April 15, The Regents used its best judgment to complete the production of its responsive, non-privileged documents relating to Plaintiff's work performance.  Plaintiff did not respond to that correspondence either, until the evening of April 21, after an unsuccessful mediation.

Plaintiff has suffered no prejudice from The Regents processing his overbroad and unduly burdensome requests for production of documents. For example, as a licensed California attorney, he knew or should have known of almost every witness he needed to depose prior to filing his lawsuit.  And he did.  Of the nine witnesses Plaintiff seeks to depose by the end of the fact discovery cut-off, all nine were identified in either the Plaintiff's (he identified eight) or Defendant's initial disclosures, served July 28, 2025.

b.    Defendant tendered more documents responsive to Judge Sagar's order related to Plaintiff's initial discovery demands on April 15, 2026.

i.    Plaintiff's Position:

The Plaintiff timely produced all evidence requested without extension and sat for videorecorded deposition in February 2026. Plaintiff and Defendant sat for multiple

JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE

conferences prior to an informal discovery hearing with Judge Sagar on February 3, 2026 who set a discovery deadline for Defendant to produce its first set of documents responsive to Plaintiffs' September 2025 discovery requests by February 24, 2026. Defendant admitted its first production on February 24, 2026 was not fully responsive. Defendant thus was well past of Judge Sagar's deadline for the remaining "thousands" of documents as of February 24, 2026. Defendant produced *some* documents to comply with Judge Sagar's order, nearly two months later, on April 15, 2025 of more than 1000 pages, finally giving Plaintiff an opportunity to name his initial set of witnesses. The April 15, 2026 discovery also produced significant redactions of documents already amply protected by an agreed Protective Order.  Outstanding interrogatories, previously promised to be answered in full, remain unanswered. Plaintiff reviewed the discovery and requested deposition scheduling within 6 days of receiving the production on April 21, 2025. Defendant's counsel ignored multiple emails for doing so (since promised to be resolved by the *instant* conference). Nonetheless, Defendant has stated that Plaintiff is unable to bring any further discovery motions due to the deadlines, thus Plaintiff has every reason to believe Defendant's game-playing is prejudicial.

Plaintiff thereafter requested an agreement to Plaintiff's forthcoming request an extension of deadlines for the following reasons:

- Defendant's own discovery production was delayed even after multiple discovery conferences in 2025 and 2026, an informal discovery proceeding in front of Judge Sagar, and in direct violation of Judge Sagar's order of production for nearly two months;

- Defendant's discovery is noticeably incomplete, including redactions of material information (i.e.:  the author of the basis of the discriminatory content source, already protected by protective order; a phrase about "money" in relation to Plaintiff likely to lead to discoverable information about damages, contractual bases, and/or even discrimination) and withholding

4

JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE

names for potential witnesses, just ahead of the discovery deadline;

- Defendant's late production without extension of deadlines has multiple harms – it prevents adequate discovery for Plaintiff to make his case, it also gives Defendant "one-way" ability to file a Motion for Summary Judgment and prevents Plaintiff from adducing contradictory evidence in Defendant's sole and exclusive possession, and it prohibits Plaintiff from filing dispositive motions because his case has been held up by Defendant's dilatory conduct.

- Defendant's late production appears to punish Plaintiff for not filing more discovery motions unnecessarily;

- Defendant's late production on April 15, 2026 prevents Plaintiff from even filing RFA's, RFP's and Interrogatories to be received by the May 11, 2026 cutoff (which it is now preparing after receiving and reviewing Defendant's document production).

- At best, the current deadlines allow Plaintiff to depose a limited set of witnesses from an incomplete production while facing Defendant's MSJ because Plaintiff's conduct throughout the discovery process has been without delay.

- Further, for every day Defendant delayed, the Defendant uses offensively against Plaintiff for not 'making' Defendant produce earlier even though Plaintiff procured an order from Judge Sagar.

The Court's Scheduling order states:

> Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable, and professional manner.

At all times, Plaintiff has conducted himself in a courteous, reasonable, and professional manner, even showing Defendant courtesies uncommon when faced with similar to conduct to Defendant's conduct here.[1]

---

[1] In fact, in the April 24, 2026 conference, Plaintiff himself corrected the

JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE

Further, the Scheduling Order states in Section 2(b):

> (b) Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

Plaintiff followed the rules. Defendant then purposely delayed, even after Plaintiff's diligence, to prevent Plaintiff from having any meaningful opportunity to file such a discovery motion, and again, even after Judge Sagar's action upon Plaintiff's diligence.

The Court's Scheduling order continues to say:

> Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted

Because Plaintiff has played by the rules and comported himself in the courteous, reasonable, and professional manner required by the rules of professional conduct and this court, his efforts to extract discovery from Defendant have been thwarted. If the Court declines to extend the current discovery cutoff it will be rewarding the Defendant for dilatory conduct which was intended to produce exactly this result.

Therefore, the Plaintiff requests an extension of discovery deadlines by 35 days to June 15, 2026. Separately, Plaintiff requests an extension of motion filing deadline by 35 days to July 6, 2026 or a date thereafter.

In conference, Defendant cited no prejudice to Defendant for an extension of

---

Defendant's counsels own internal deadline calendaring system to grant them an extra day to file their conference statement in advance of the motion for summary judgment which Counsel confirmed shortly thereafter by email.

the deadlines requested.

ii.      Defendant's Position:

The last day to file a discovery motion was April 20. The last day to file a non-discovery motion is May 4. Fact discovery closes on May 11. Plaintiff has been aware of these deadlines since May 27, 2025.  Yet, Plaintiff waited until the eve of the close of discovery to pursue additional discovery, and his deliberate decision to wait until the last minute is not a basis to extend the discovery deadline.

Plaintiff's statement that he could not know what witnesses to depose prior to April 15, 2026, is demonstrably false. Of the nine witnesses he currently seeks to depose, all nine were identified in parties' July 28, 2025 initial disclosures (plaintiff identified eight).

At no time has defense counsel ignored Plaintiff's correspondence or communications and he cannot demonstrate otherwise.

Defendant steadily worked to resolve the significant challenges presented by Plaintiff's requests and produced timely and reasonable documents, despite long unexplained breaks in Plaintiff's communications.

If Plaintiff had any issue with the timeliness of defense counsel's responses, he could have brought a motion any time prior to the discovery motion cutoff or prior to the eve of the fact discovery cutoff.  He did not, and simply seeks to blame others for his failures.

Plaintiff misinterprets the requirements of this Court's Scheduling Order, Section 2(b).

Plaintiff's efforts to obtain discovery have not been thwarted, they have been mostly non-existent, as the record will establish.

The prejudice to The Regents of an extension of the discovery period is obvious. An extension of time means an increase in costs. Any Plaintiff should have to make a stronger showing of diligence before this type of financial consequence is

7

JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE

imposed on an innocent party.

4. The Parties were unable to resolve their differences as to the proposed relief Plaintiff requests.

Dated:  April 28, 2026          QUARLES & BRADY LLP


By:  _____/s/Matthew W. Burrs_____
SANDRA L. McDONOUGH
MATTHEW W. BURRIS
Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

Dated:  April 28, 2026


By:  _____/s/Edward "Coach" Weinhaus_____
EDWARD "COACH" WEINHAUS
Plaintiff in *Pro Per*

## PROOF OF SERVICE

**Edward "Coach" Weinhaus v The Regents of the University of California**
**Case No. 2:25-cv-00262**

.

On April 28, 2026, I served true copies of the following document(s) described as **JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE** on the interested parties in this action as follows:

SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
MATTHEW W. BURRIS (SBN 325569)
matt.burris@quarles.com
LUCY PERITZ
lucy.peritz@quarles.com
QUARLES & BRADY LLP
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address eaweinhaus@gmail.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2026, at San Diego County, California.

*/s/Edward "Coach" Weinhaus/s/*
Edward "Coach" Weinhaus

JOINT STATEMENT OF MOTION TO EXTEND DEADLINES CONFERENCE